Darrell William Wheeler
Pauline Ellis, et al.
P.O. Box 1916
Redway, CA 95560
Telephone: 707-223-0021

Co-Plaintiffs Darrell William Wheeler
Pauline Ellis, et al.

**FILED**

APR 2 7 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# IN THE DISTRICT COURT OF THE UNITED STATES OF AMERICA

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

CV 09 1826 BZ

DARRELL WILLIAM WHEELER individually;   ) Case No.
DARRELL WILLIAM WHEELER an                        )
American with a disability; PAULINE ELLIS,       )   **COMPLAINT FOR**
Individually and in her capacity as guardian    )   **VIOLATION OF**
For DARRELL WILLIAM WHEELER                    )   **CIVIL RIGHTS**
                                                                       )
                              Plaintiffs,                         )   **JURY TRIAL**
                                                                       )   **DEMANDED**
            -V-                                                     )
                                                                       )
HILO MEDICAL CENTER, INC., a public        )
ENTITY and Does 1 through 25; RONALD       )
SCHURRA Individually and in his capacity as )
Chief Executive and in his capacity as Chief )
Executive Officer of Hilo Medical Center, Inc., )
GARY SMITH, individually and in his capacity as )
Medical Doctor No. MD11631 (Oregon)  for Hilo )
Medical Center; ROBIN A. EDWARDS,          )
Individually and in her capacity as Medical Doctor )
No. MD11590 for Hilo Medical Center, Inc.;  )
GERALD E. LAU, individually and in his        )
Private capacity as Medical Doctor No.         )
MD5030 DAVID Y. NAKAMURA, individually  )
and in his capacity as Medical Doctor No.     )
H10347 for Hilo Medical Center, INC.;          )
QUEENS MEDICAL CENTER, a non-profit     )

1 | Public benefit corporation; and DOES 1 through 25;)
2 | STEVEN J. GARONS, individually and in his )
Capacity as Medical Doctor No. MD6176 for Hilo )
3 | Medical Center Inc.; HAWAII AIR AMBULANCE, )
et al., MIHAE YU, individually and in her capacity )
4 | as Medical Doctor No. MD4961 for QUEENS )
MEDICAL CENTER, Inc.; REHABILITATION OF)
5 | THE PACIFIC Inc., DOES 1 through 25; )
6 | MENG-CHEN ROE, individually and in her )
capacity as Physiatrists No. MD8397 for the )
7 | REHABILITATION OF THE PACIFIC INC., )
And DOES 1 through 25; MANKWAN T. WONG, )
8 | individually and in his capacity as Medical )
9 | Doctor No. 11859 for REHABILITATION OF )
of THE PACIFIC, INC., and Does 1 through 25; )
10 | LITNEUTRAL, LLC, et al, ROBERT WHITE, )
in its capacity as employee or surety agent for )
11 | HILO MEDICAL CENTER, et al., JOHN DOE )
and RICHARD ROE, individually and in their )
12 | capacity as Chief Executive Officers for HILO )
13 | MEDICAL CENTER and QUEENS MEDICAL )
CENTER, INC., including REHABILITATION OF )
14 | THE PACIFIC, Inc., the identity and number of )
whom is unknown to Plaintiffs, DOES 1 through 25;)
15 | Daniel Vea, Levi Cabuntine, )
16 | )
Defendants. )
17 | _____)

18

19 | Plaintiffs, DARRELL WILLIAM WHEELER and PAULINE ELLIS, real parties in

20 | interest, hereby complain of defendants named above and hereby allege as follows:

21 | **I. Jurisdiction and Venue**

22 | 1. This action arises under Title 42 of the United States Code, Section 1983.

23 | Jurisdiction is conferred upon this Court by Title 28 of the United States Code

24 | Sections 1343. The plaintiffs are residing within the judicial district and currently

25 | 

26 | receiving Federal Social Security payments and benefits, including the Humboldt

27 | Complaint For Violation of Civil Rights Jury Trial Demanded                                    2

28

County Health and Human Services Funds, Med-Quest, and Medi-Cal within this judicial district. Due to the injury of Plaintiff, the unlawful act and practices occurred in the State of Hawaii and in the State of California, County of Humboldt, which is within this judicial district.

**II.** Intradistrict Assignment pursuant to Civil Local Rules 3-2(c) Plaintiffs claim for care occurred within Humboldt county California Civil Local Rule 3-2 (d) Humboldt.

**III.** **Introduction**

1. This action arises out of the taking of Federal legal rights, medical malpractice, personal injury, assault and battery, reimbursement for medical costs, and fraud and other causes of action as pled on or about October 26, 2002 through March 20, 2003, wherein Plaintiffs DARRELL WILLIAM WHEELER and PAULINE ELLIS suffered severe physical, emotional, and financial damages at the hands of the Defendants. (Defendant "DOES."). The Defendants actions have left Plaintiff DARRELL WILLIAM WHEELER gravely disabled. Co-Plaintiff, PAULINE ELLIS, registered Nurse CA# 552403 and HI# 46673, and care giver to Plaintiff DARRELL WILLIAM WHEELER, has come to the end of the family's financial resources. More is required.

**IV.** **Parties**

**A. Plaintiffs**

2. Plaintiffs DARRELL WILLIAM WHEELER and PAULINE ELLIS are,

and at all times herein mentioned were, legal citizens of the United States and residents of Humboldt County, California and Hilo, Hawaii. Plaintiff PAULINE ELLIS, real party in interest and as guardian with/in Fiduciary for DARRELL WILLIAM WHEELER, real party in interest; by Court order in Case No. 03-1-0005, dated June 27, 2003 (Exhibit A.) and DARRELL WILLIAM WHEELER, an alterable person in his individual and private capacity, bring this action on their own behalf for injury suffered as a result of the willful, intentional, knowing and oppressive acts of defendants.

**B.    Defendants**

3. Defendant HILO MEDICAL CENTER, a Federal employer, Corporation, No. 943282424, and DOES 1 through 25, hereinafter HILO, is a public entity duly organized under the laws of the state of Hawaii and located in the city of Hilo, and within the Ninth Circuit, Federal Judicial District.

4. Defendant RONALD SCHURRA, hereinafter SCHURRA, at all times herein was the Chief Executive Officer for HILO, LITNEUTRAL and DOES 1 through 25 and was acting under the color of law and in the course and scope of his employment for defendant HILO, LITNEUTRAL. Defendant SCHURRA is being sued both individually and in his official capacity as Chief Executive Officer for HILO, LITNEUTRAL. Defendant SCHURRA conspired with Defendant Doctors, in the supervision and care of Plaintiff DARRELL WILLIAM WHEELER while in the custody of defendant HILO, LITNEUTRAL.

5. Defendant GARY SMITH, hereinafter referred to as Doctor SMITH, at all

Complaint For Violation of Civil Rights Jury Trial Demanded                                      4

times mentioned herein was a Medical Doctor No. 11631 OR, and was acting under color of law and believed to be in the course and scope of his employment for Defendant HILO, LITNEUTRAL. Defendant Doctor SMITH is being sued individually and in his official capacity as a Medical Doctor No. 11631 OR. Defendant Doctor SMITH is believed to be a resident of Portland, Oregon.

6. Defendant Doctor ROBIN A. EDWARDS, hereinafter DOCTOR EDWARDS, at all times mentioned herein was a Medical Doctor No. 11590 (medicaid # 500571) and was acting under the color of law and believed to be in the course and scope of her employment for Defendant HILO, LITNEUTRAL. Defendant Doctor EDWARDS is being sued individually and in her official capacity as a Medical Doctor No. MD11590 (medicaid # 500571).

7. Defendant Doctor GERALD E. LAU, hereinafter referred to as Doctor LAU, at all times mentioned herein was a Medical Doctor No. MD5030, (Medicaid # 01568501) and was acting under color of law and believed to be in the course and scope of his employment for Defendant HILO, LITNEUTRAL. Defendant Doctor LAU is being sued individually and in his official capacity as a Medical Doctor No. MD5030 (medicaid # 01568501).

8. Defendant DAVID Y. NAKAMURA, hereinafter DOCTOR NAKAMURA, Medical Doctor No. H10347 (medicaid # 252350) at all times mentioned herein was Chief of Staff for HILO MEDICAL CENTER, LITNEUTRAL, and was acting under color of law in the scope of his employment for defendant HILO, LITNEUTRAL. Defendant Doctor NAKAMURA is being sued

both individually and in his official capacity as Chief of Staff for Defendant HILO,

LITNEUTRAL. Defendant Doctor NAKAMURA is being sued in his official

capacity of Medical Doctor No. H10347, (medicaid # 252350).

9. Defendant QUEENS MEDICAL CENTER, INC., a Federal non-profit

public benefit corporation, No. 990073524 and DOES 1 through 25, hereinafter

referred to as Defendant QUEENS, is a public entity duly organized under the laws

of the STATE OF HAWAII and is located in Oahu, Hawaii, within the Ninth Circuit

Federal Judicial District.

10. Defendant Doctor STEVEN J. GARONS, hereinafter Doctor GARONS

at all times mentioned herein was a Medical Doctor No. MD6176 (medicaid

# 02923702) and was acting under the color of law and in the scope of employment

as a Medical Doctor, and as the head of the Anesthesiology Department, and believed

to be employed for Defendant HILO, LITNEUTRAL. Defendant Doctor GARONS

is sued both individually and in his official capacity as Medical doctor No., MD6176

(medicaid # 02923702).

11. Defendant HAWAII AIR AMBULANCE, hereinafter H.A.A., at all

times mentioned herein was the air ambulance service used to "patient dump" the

Plaintiff from Defendant HILO, LITNEUTRAL to Defendant QUEENS. Defendant

H.A.A.'S Federal Department of transportation number is No. 36-3531506.

Defendant H.A.A. was acting under the color of law and believed to be in

the course and scope of their employment for Defendant HILO, LITNEUTRAL.

1    12. Defendant Doctor MIHEA YU, hereinafter Doctor YU, at all times

2    mentioned herein was a Medical Doctor No. MD4961 (medicaid # 018908-01) and

3
     was acting under the color of law and believed to be in the course and scope of her
4
5    employment for Defendant QUEENS. Defendant Doctor YU is being sued

6    individually and in her official capacity as a Medical Doctor No. MD4961 (medicaid

7    # 018908-01).

8    13. Defendant REHABILITATION OF THE PACIFIC, INC., Federal

9    Employer No. 51-0160156 and Does 1 through 25, hereinafter referred to as
10
     R.O.T.P., at all times mentioned herein was a public entity duly organized under the
11
12   laws of the State of Hawaii and is located in Honolulu, Hawaii, and is located within

13   the Ninth Circuit Federal Judicial District.

14   14. Defendant Doctor Meng-Chen ROE, hereinafter Doctor ROE, at all times

15   mentioned herein was a Medical Doctor No. MD8397 (medicaid # 508301) and was

16
     acting under color of law and in the course and scope of her employment for
17
18   Defendant QUEENS. Defendant Doctor ROE is being sued individually and in her

19   official capacity as a Medical Doctor No. MD8397, (medicaid # 508301).

20   15. Defendant Doctor MANKWAN T. WONG, hereinafter Doctor WONG,

21   at all times mentioned herein was a Medical Doctor No. 11859 (medicaid #

22   50787402) and was acting under color of law and believed to be in the course and

23
     scope of his employment for Defendant R.O.T.P. Defendant Doctor WONG is being
24
25   sued both individually and in his official capacity as medical Doctor No. 11859

26   (medicaid # 50787402).

27   Complaint For Violation of Civil Rights Jury Trial Demanded                    7

28

16. At all times mentioned herein, Defendants Doctor GARY SMITH, MD, License No. 11043; Doctor ROBIN A. EDWARDS, MD, License No. MD11590; GERALD E. LAU, MD, License No. MD5030; Doctor DAVID Y. NAKAMURA, MD, License No. H10347; Doctor STEVEN J. GARONS, MD, License No., MD6176; (hereinafter "DOCTORS") were believed to be employed in the enterprise as licensed Medical Doctors for Defendant HILO, LITNEUTRAL, and Does 1 through 25. Defendant DOCTORS are sued individually and in the capacity as licensed Medical doctors for Defendant HILO, LITNEUTRAL, and DOES 1 through 25. Defendant Doctor MIHEA YU, MD, License No. MD4961; Doctor MANKWAN T. WONG, MD, License No. 11859; Defendant Doctor MENG-CHEN ROE, MD, License No. MD8397; (hereinafter "DOCTORS") were believed to be employed in the enterprise as licensed Medical Doctors for Defendant QUEENS, and Does 1 through 25, a non-profit public benefit corporation. Defendant QUEENS, and DOES 1 through 25, by engaging in the conduct described herein, and defendant doctors acted under the color of law and in the course and scope of their relationships for Defendants HILO, DOES 1 through 25, and Defendant QUEENS, and Does 1 through 25. By engaging in the conduct described here, defendant Federal doctors and Federal Flight Crew No. 36-3531506, under F.A.A., exceeded the authority vested in them as doctors and F.A.A. members and Surety under the United States Constitution, the California Constitution, and the Hawaii Constitution, and as employees of Defendant HILO, LITNEUTRAL, and

Complaint For Violation of Civil Rights Jury Trial Demanded                                    8

DOES 1 through 25, and Defendant QUEENS, et al., and DOES 1 through 25, and Defendant R.O.T.P. and DOES 1 through 25.

17. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each defendant so named is responsible in some manner for the injuries and damages suffered by Plaintiffs as set forth. Plaintiffs will amend the Complaint to state the true names and capacities of Defendants DOES 1 through 25, inclusive, when they have been ascertained.

18. At all times mentioned herein, each named and Doe Defendant was either the agent or employee of the named defendant acting within the course and scope of employment; or was acting under color of law and with the actual or implied permission, consent, authorization, deliberate indifference and or approval of Defendant HILO, LITNEUTRAL, DOES 1 through 25, and or QUEENS, Inc., and DOES 1 through 25, and or R.O.T.P., Inc. and DOES 1 through 25, to the acts herein described.

19. LITNEUTRAL, LLC, Robert White. LITNEUTRAL, LLC is believed to be a limited liability company organized in the State of California. LITNEUTRAL, LLC herein after "LITNEUTRAL" at all times mentioned herein claims to be a surety agent for Defendant HILO. Defendant is being sued as an employee and or surety agent, of Defendant HILO and Does 1 through 25.

Complaint For Violation of Civil Rights Jury Trial Demanded                                    9

20. Robert White, is being sued as an individual and employee of Defendant LITNEUTRAL, LLC.

21. Defendants DANIEL VEA and LEVI CABUNTINE are served in any and all capacities. Defendants are in prison for hitting Plaintiff DARRELL WILLIAM WHEELER in the back of the head with a rock on October 26, 2002. Both fled the scene. They turned themselves in around October 30, 2002.

**V. Statement of Facts**

22. Plaintiff PAULINE ELLIS is the friend and guardian for Plaintiff DARRELL WILLIAM WHEELER. Plaintiff PAULINE ELLIS has known Plaintiff DARRELL WILLIAM WHEELER for approximately eighteen years. Both attended nursing school together. On June 27, 2003, and for the next six (6) years after that date Plaintiff PAULINE ELLIS has been the person providing professional nursing care for Plaintiff DARRELL WILLIAM WHEELER'S needs twenty-four hours a day, seven days a week.

23. On October 26, 2002, Plaintiff DARRELL WILLIAM WHEELER was taken by ambulance to Defendant HILO for the treatment of a bump on the back of Plaintiff's head. Plaintiff arrived conscious and able to squeeze your hand, and was able to respond to questions. He had regained consciousness and was trying to stand up after Plaintiff DARRELL WILLIAM WHEELER had been hit in the back of the head with a rock.

24. The two Defendants, DANIEL VEA and LEVI CABUNTINE,

1  responsible for the assault, were sentenced to prison and are currently serving their

2  sentences. See (Exhibit E).

3
4  25. Prior to this assault, on both July 3, 2001 and September 27, 2002,

5  Plaintiff DARRELL WILLIAM WHEELER had been treated at Defendant HILO for

6  outpatient procedures. Defendant HILO'S Federal medical records clearly show

7  plaintiff DARRELL WILLIAM WHEELER was severely allergic to the drug

8  Penicillin. See (Exhibit B1).

9
10  26. On October 26, 2002, Plaintiff DARRELL WILLIAM WHEELER was

11  admitted and treated in the emergency trauma center at 2:30 p.m. at Defendant HILO

12  and Does 1 through 25. Plaintiff had his wallet with identification in his pants

13  pocket. Plaintiff DARRELL WILLIAM WHEELER is severely allergic to Penicillin.

14  The receiving licensed Emergency Room Medical Doctor was Defendant Doctor

15  SMITH, License No. 11043 (medicaid # 50787402). Defendant Doctor SMITH did

16  order the injection to Plaintiff DARRELL WILLIAM WHEELER with Kefzol at

17
18  6:00 p.m. on October 26, 2002 and again at 2:00 a.m. on October 26, 2002 with

19  Rocephin, after checking for allergies to Penicillin in the Federal hospital records.

20  The Federal record states in handwritten notes, "Nursing ER assessment notes allergy

21  to PCN @ anaphalysis. Doctor Smith notes allergy", and gave the injection anyway

22  [Cephelosporin is a penicillin]. Plaintiff DARRELL WILLIAM WHEELER is

23  allergic to Penicillin.

24
25  27.    Defendant Doctor SMITH ordered Plaintiff DARRELL WILLIAM

26  WHEELER to be transferred to Defendant QUEENS, per head injury protocol.

27  Complaint For Violation of Civil Rights Jury Trial Demanded                                    11

28

1   Defendant HILO'S neurologist was not on call this weekend in October of 2002.

2       28. Defendant Doctor SMITH transferred care and custody of Plaintiff

3   DARRELL WILLIAM WHEELER to Defendant Doctor EDWARDS on October 27,

4
5   2002 at 12:30 p.m. Defendant Doctor EDWARDS cancelled the air transfer that

6   would have allowed Plaintiff DARRELL WILLIAM WHEELER to [escape] to

7   Defendant QUEENS. Federal hospital records of Defendant Doctor EDWARDS

8   indicate, "DARRELL WILLIAM WHEELER is stable and breathing on his own,

9   CAT scan normal, no neuro trauma, no abnormalities, from CAT scan of cervical

10
    spine."
11

12      29. Plaintiff DARRELL WILLIAM WHEELER was further damaged by the

13  care given to Plaintiff DARRELL WILLIAM WHEELER, while at Defendant HILO.

14  Plaintiff DARRELL WILLIAM WHEELER'S throat and speech are altered by

15  Defendant Doctor EDWARDS' negligence by not following Defendant HILO'S

16  protocol for head injury patient. One on one care was denied to Plaintiff DARRELL
17
    WILLIAM WHEELER, which resulted in further loss to Plaintiff DARRELL
18
19  WILLIAM WHEELER.

20      30. Plaintiff PAULINE ELLIS arrived at Hilo hospital at approximately 5:00

21  p.m. - 6:00 p.m. on October 26, 2002. She was concerned after she found out what

22  happened to her friend, Plaintiff DARRELL WILLIAM WHEELER. Plaintiff
23
    PAULINE ELLIS personally verbally explained to the emergency room staff that
24
25  Plaintiff "DARRELL WILLIAM WHEELER was severely allergic to Penicillin".

26

27  Complaint For Violation of Civil Rights Jury Trial Demanded                    12

28

1    The Defendant HILO emergency room staff assured Plaintiff PAULINE ELLIS that

2    they had received the information.

3
4        31.  Defendant medical Doctor LAU was the surgeon on call in the

5    emergency room at Defendant HILO.  Defendant Doctor LAU admitted Plaintiff

6    DARRELL WILLIAM WHEELER into the Intensive Care Unit.  Defendant Doctor

7    LAU was not qualified to treat Plaintiff DARRELL WILLIAM WHEELER for head

8    trauma and became angry that he was pressured into admitting Plaintiff DARRELL

9    WILLIAM WHEELER.  Defendant Doctor LAU elevated Plaintiff DARRELL

10   WILLIAM WHEELER as being stable and with a concussion.

11

12       32.  Plaintiff DARRELL WILLIAM WHEELER was decompensating into

13   respiratory failure.  Defendant Doctor LAU refused to treat patient Plaintiff

14   DARRELL WILLIAM WHEELER.  Defendant Doctor LAU refused the calls from

15   ICU staff to treat Plaintiff DARRELL WILLIAM WHEELER, providing only

16   telephone orders.  By Defendant Doctor LAU'S actions and in the care and custody

17   of Defendant Doctor LAU and Defendant HILO and LITNEUTRAL, Plaintiff

18
19   DARRELL WILLIAM WHEELER was denied the basic standard of care.  Plaintiff

20   DARRELL WILLIAM WHEELER for thirty hours had no doctor visits, no

21   neurological consults, no anesthesiology consults,  no cardiac consult, no follow up

22   labs of any kind.  No treatment except nursing intervention.  On October 28, 2002,

23
     Plaintiff DARRELL WILLIAM WHEELER was Code Blue according to ICU staff.
24
25       33.  Defendant Doctor LAU refused to treat Plaintiff DARRELL WILLIAM

26   WHEELER further and writes an order to transfer the care and custody of Plaintiff

27   Complaint For Violation of Civil Rights Jury Trial Demanded                    13

28

DARRELL WILLIAM WHEELER to Defendant HILO's Doctor Pillai (deceased). Doctor Pillai ordered the injection of Penicillin for Plaintiff DARRELL WILLIAM WHEELER, with another order to inject Penicillin at 12:25 P.M on October 28, 2002. Doctor Pillai transferred care and custody by order to Defendant Doctor NAKAMURA on October 29, 2002.

34. Defendant Doctor NAKAMURA, supervising for Defendant HILO the care and custody of Plaintiff DARRELL WILLIAM WHEELER, did allow Penicillin to be given three times. Zosyn was ordered on October 28, 2002 at 10:25 a.m. again at 2:00 p.m. and again at 7:30 p.m. The Federal hospital records indicates "the Zosyn noted penicillin allergy, and ordered penicillin allergy to be put into the Federal hospital computer".

35. Defendant Doctor NAKAMURA became nervously aware to Plaintiff PAULINE ELLIS (former Defendant HILO employee and registered nurse Hawaii # 46673 and California # 554203) whistleblower and personal advocate for Plaintiff DARRELL WILLIAM WHEELER was aware of the deliberate injections of Penicillin and multiple assaults that were done with the intent to kill the Federal Med-Quest patient.

36. Defendant Doctor NAKAMURA altered Defendant HILO'S hospital Federal Med-Quest records to hide the outrageous acts and the other doctors negligent errors.

37. Defendant Doctor NAKAMURA denied Plaintiff DARRELL WILLIAM WHEELER'S basic life saving treatment. Plaintiff DARRELL WILLIAM

Complaint For Violation of Civil Rights Jury Trial Demanded                    14

WHEELER was in full blown anaphylactic reaction to the seven injections of Penicillin given to Plaintiff DARRELL WILLIAM WHEELER while in the care and custody of Defendant HILO.

38. Defendant Doctor NAKAMURA further puts Plaintiff DARRELL WILLIAM WHEELER's life in double jeopardy by air transferring by Defendant H.A.A. to Defendant QUEENS. Doctor NAKAMURA failed to inform Defendant H.A.A.'S Federal flight crew or Defendant QUEENS that Plaintiff DARRELL WILLIAM WHEELER had allergies to penicillin and was in fact in full blown anaphylactic shock as Plaintiff DARRELL WILLIAM WHEELER was "patient dumped" onto Defendant QUEENS for a pneumothovax and atalectasis emergency.

39. Defendant Doctor NAKAMURA denied surrogate guardianship to Plaintiff PAULINE ELLIS on October 30, 2002. Defendant Doctor NAKAMURA was aware that HILO employee Plaintiff PAULINE ELLIS knew exactly what had been done to her friend, Plaintiff DARRELL WILLIAM WHEELER. Plaintiff DARRELL WILLIAM WHEELER was further denied advocacy in the scheme to cover up the assaults and injuries, denying Plaintiff DARRELL WILLIAM WHEELER with appropriate basic life saving treatments.

40. Defendant Doctor NAKAMURA met with the Defendant HILO peer review. In attendance was defendant CEO of HILO, Mr. Robert Schurra. Patient Plaintiff DARRELL WILLIAM WHEELER, who was Code Blue after being assaulted repeatedly by the Defendant Doctors. Defendant HILO through its Corporate officers/directors/doctors and made the Corporate decision to "patient

Complaint For Violation of Civil Rights Jury Trial Demanded                                    15

**1** dump" the gravely ill Plaintiff DARRELL WILLIAM WHEELER onto Defendant

**2** QUEENS medical center.

**3**

**4** 41. Defendant Doctor GARONS did conspire with the named Defendants on

**5** October 28, 2002. Defendant Doctor GARONS was Defendant HILO'S head of the

**6** anesthesiologist Department. Defendant Doctor GARONS enjoined the assaults by

**7** failing to stop the events. Plaintiff DARRELL WILLIAM WHEELER was suffering

**8** from anaphylactic shock from the repeated seven injections of Penicillin that Plaintiff

**9** DARRELL WILLIAM WHEELER was severely allergic to.

**10**

**11** 42. Defendant Doctor GARONS supervised the ventilator that was breathing

**12** for Plaintiff DARRELL WILLIAM WHEELER, as he could not breathe on his own

**13** now. Doctor GARONS did set the ventilator pressure to high and blew a hole in

**14** Plaintiff DARRELL WILLIAM WHEELER's lung causing the lung to collapse

**15** (pneumothorax and atalectasis). This created another life threatening assault and the

**16** reason to "patient dump" Plaintiff DARRELL WILLIAM WHEELER. Defendant

**17** HILO did not have a Pulmonologist on staff.

**18**

**19** 43. Defendant Doctor GARONS enjoined by Defendant Doctor

**20** NAKAMURA with other Defendants provided false information and facts in notes

**21** within the Federal Hospital Records (Med-Quest). Whistleblower and former

**22** employee Plaintiff PAULINE ELLIS personally witnessed these events.

**23**

**24** 44. Defendant Doctor GARONS performed his Federal Doctor duties in such

**25** a way that grossly denied Plaintiff DARRELL WILLIAM WHEELER the basic

**26**

**27** Complaint For Violation of Civil Rights Jury Trial Demanded                                    16

**28**

1  standard of care and appropriate and humane treatment. Defendant Doctor

2  GARONS actions were cruel and unusual.

3

4  45. Defendant Doctor NAKAMURA ordered the Defendant H.A.A. air

5  ambulance to transfer Med-Quest patient Plaintiff DARRRELL WILLIAM

6  WHEELER to Defendant QUEENS. Defendant Doctor NAKAMURA prepared the

7  transfer order for Plaintiff DARRELL WILLIAM WHEELER with a false diagnosis

8  to cover up the anaphylaxis shock that Plaintiff DARRELL WILLIAM WHEELER

9  was maliciously exposed to. On October 30, 2002 at 2:00 p.m., before the Defendant

10  H.A.A. air transfer, Defendant Doctor NAKAMURA did order an injection for

11  Plaintiff DARRELL WILLIAM WHEELER with Fortaz, a Penicillin type of drug.

12  Plaintiff DARRELL WILLIAM WHEELER is severely allergic to Fortaz. Seven

13

14  assaults by injection of Penicillin while at Defendant HILO.

15  46. Defendant H.A.A. enjoined the "patient dumping scheme". The Federal

16  Aviation Administration flight nurse recorded within the Federal Med-Quest and

17

18  F.A.A. records of patient Plaintiff DARRELL WILLIAM WHEELER transferred

19  from Defendant HILO to Defendant QUEENS. The Federal flight nurse was

20  unaware of Plaintiff DARRELL WILLIAM WHEELER'S Penicillin allergies. The

21  Federal medical records stated DARRELL WILLIAM WHEELER is not allergic to

22  Penicillin.

23

24  47. Defendant H.A.A. accepted the transfer order to Defendant QUEENS of

25  the comatose patient plan for Plaintiff DARRELL WILLIAM WHEELER and

26  helicopter ride, while he was critically unstable, from Defendant HILO to Defendant

27  Complaint For Violation of Civil Rights Jury Trial Demanded                    17

28

QUEENS. Plaintiff DARRELL WILLIAM WHEELER was not breathing on his own due to the assaults while at Defendant HILO. Plaintiff DARRELL WILLIAM WHEELER's lung had collapsed, his eyes were bugging out of his head. The flight crew accepted the gravely ill patient and agreed to "patient dump" Defendant HILO'S problem, Plaintiff DARRELL WILLIAM WHEELER, onto Defendant QUEENS.

48. Defendant H.A.A.'s flight crew and captain of the ship elected by their own assessment of patient Plaintiff DARRELL WILLIAM WHEELER to aide and abet in the scheme to patient dump Plaintiff DARRELL WILLIAM WHEELER onto Defendant QUEENS.

49. Patient Plaintiff DARRELL WILLIAM WHEELER had spent four hellish days of torture at Defendant HILO. The Federal flight crew made the decision to move patient Plaintiff DARRELL WILLIAM WHEELER without knowing for certain what drugs patient Plaintiff DARRELL WILLIAM WHEELER was allergic to. Plaintiff DARRELL WILLIAM WHEELER had an established medical record within Defendant HILO'S system of Federal Med-Quest records. The Federal records clearly indicated that Plaintiff DARRELL WILLIAM WHEELER was allergic to Penicillin. The Federal flight crew records failed to warn of the allergy, continuing the course of conduct to Plaintiff DARRELL WILLIAM WHEELER'S detriment.

50. Plaintiff PAULINE ELLIS, whistleblower, personally witnessed Defendant Doctor NAKAMURA not communicate the known allergies of Plaintiff

Complaint For Violation of Civil Rights Jury Trial Demanded                                    18

DARRELL WILLIAM WHEELER to Defendants H.A.A. and QUEENS.  In turn,

Defendant Doctor NAKAMURA falsified the Federal Med-Quest records while

employed at Defendant HILO.  Defendant Doctor NAKAMURA telephoned Plaintiff

PAULINE ELLIS at home to explain the Defendant HILO'S official corporate policy

to employee PAULINE ELLIS, Registered Nurse HI # 46673 and California

# 554203 to debrief the traumatic events that Plaintiff  PAULINE ELLIS had

witnessed firsthand.  Defendant Doctor NAKAMURA knew he had a problem on his

hands by this conversation.

51.  Defendant QUEENS accepted Federal Med-Quest patient Plaintiff

DARRELL WILLIAM WHEELER by order from Defendant HILO on October 30,

2002.  Defendant Doctor YU was the receiving trauma physician that indirectly

assaulted Plaintiff DARRELL WILLIAM WHEELER.  Plaintiff DARRELL

WILLIAM WHEELER was again misdiagnosed by Defendant  Doctor YU.

Defendant  Doctor YU chemically induced hypothyroidism as the treatment plan.  By

misdiagnosing this care procedure, Defendant Doctor LAU created another life

threatening hypoxic assault.  This was a secondary assault from the original assaults

from Defendant  HILO and its employee Doctors and DOES 1 through 25.

52.  Patient Plaintiff DARRELL  WILLIAM WHEELER's Federal rights were

further violated by the lack of basic standard of care while in the custody of

Defendant QUEENS, et al.  The hospital, Defendant QUEENS, failed to supervise its

employees and agents and Doctor YU.   The Defendants caused patient Plaintiff

DARRELL WILLIAM WHEELER to sustain permanent, life altering injuries,

Complaint For Violation of Civil Rights Jury Trial Demanded                                    19

1    commonly referred to as contractures, leaving patient Plaintiff DARRELL

2    WILLIAM WHEELER's right hand and arm permanently insulted.

3    53. Plaintiff DARRELL WILLIAM WHEELR was further assaulted by

4
5    Defendant QUEENS, its staff employees, and Defendant Doctor YU by lack of basic

6    care. Plaintiff DARRELL WILLIAM WHEELER had to undergo major surgery to

7    cut Plaintiff DARRELL WILLIAM WHEELER's Achilles tendons in both ankles to

8    repair the contracted position of Plaintiff DARRELL WILLIAM WHEELER'S feet.

9    This surgery was performed so that Plaintiff DARRELL WILLIAM WHEELER'S

10
11   feet would look normal. The lack of basic standard of care by Defendant QUEENS

12   caused this condition. It has left Plaintiff DARRELL WILLIAM WHEELER unable

13   to walk or run as he once did.

14   54. Defendant QUEENS and DOES 1 through 25 and defendant Doctor YU

15   "patient dumped" patient Plaintiff DARRELL WILLIAM WHEELER onto

16
17   Defendant R.O.T.P. without a plan of care, no physical therapy, nothing. Plaintiff

18   DARRELL WILLIAM WHEELER was just rushed out.

19   55. Plaintiff DARRELL WILLIAM WHEELER was again "patient dumped"

20   onto Defendant R.O.T.P. Defendant Doctor ROE, physiatrist, chemically restrained

21   Plaintiff DARRELL WILLIAM WHEELER, rendering him unable, but not

22   incapable, of rehabilitation. Defendant R.O.T.P., its staff, and Doctor ROE placed

23
24   Plaintiff DARRELL WILLIAM WHEELER on so many drugs that they induced yet

25   another life threatening condition, thyrotoxicosis assault on Plaintiff DARRELL

26   WILLIAM WHEELER

27   Complaint For Violation of Civil Rights Jury Trial Demanded                    20

28

1    56. Plaintiff DARRELL WILLIAM WHEELER was on 24 hour one on one

2    supervision for patient safety due to the mismanagement of the case and

3    inappropriate care received at Defendant R.O.T.P, QUEENS and HILO.

4

5    57. Plaintiff DARRELL WILLIAM WHEELER was denied the care and

6    supervision of a neurologist. Defendant R.O.T.P. thought it appropriate care to

7    provide Plaintiff DARRELL WILLIAM WHEELER with a physiatrist to oversee the

8    patient's neurological rehabilitation. This denied Plaintiff DARRELL WILLIAM

9    WHEELER the one chance of intensive acute rehabilitation.

10

11   58. Plaintiff DARRELL WILLIAM WHEELER was downgraded to skilled

12   nursing level of care prematurely and inappropriately due to many factors, including

13   cost savings to Med-Quest. Plaintiffs claim the Defendants fraudulent statements or

14   omission of allergies to Penicillin, within the Defendants HILO, QUEENS, R.T.O.P.,

15   HA.A., and through its/their Defendant DOCTORS and their healthcare staff, were

16   the cause of the actual loss suffered as direct or proximate relationship between the

17   loss and the misrepresentation in the Federal hospital records and Federal Aviation

18   records.

19

20   **VI.    Damages**

21   59. As the proximate result of Defendant's conduct, Plaintiffs suffered as to

22   Plaintiff DARRELL WILLIAM WHEELER'S irreparable injury to (his person, and

23   Sole, pain, humiliation, emotional distress, hurt feelings, and embarrassment as

24   according to proof.

25

26

27   Complaint For Violation of Civil Rights Jury Trial Demanded                            21

28

1    60. As a further proximate result, Plaintiffs suffered damage to their property

2    in an amount according to proof.

3
4    61. As a further proximate result, Plaintiffs have lost income from their

5    normal occupations, and will continue to lose said income in the future, in an amount

6    according to proof.

7    62. The conduct of the licensed Federal medical doctors enterprise was

8    malicious, wanton, and oppressive. Plaintiffs are, therefore, entitled to an award of

9    punitive damages against these Defendants.

10
11   63. As a proximate result, Plaintiff DARRELL WILLIAM WHEELER

12   requires costly physical and mental and emotional rehabilitation in an amount

13   according to proof.

14   64. Plaintiffs found it impossible to retain or engage the services of private

15   counsel to vindicate their rights under the law. Nor do they have funds to pay $350

16   per hour for their services. Plaintiff PAULINE ELLIS has provided one on one care

17
18   to Plaintiff DARRELL WILLIAM WHEELER. Plaintiffs are therefore entitled to an

19   award of all costs incurred in relation to this action for violation of their Federal

20   Legal Rights and Civil Rights, taken away as a result of the Defendants actions, as

21   against the Plaintiffs.

22

23

24

25

26

27   Complaint For Violation of Civil Rights Jury Trial Demanded                    22

28

**VII. Causes of Action**

**FIRST CAUSE OF ACTION**
(42 U.S.C Section 1983)

(Against Defendants CEO RONALD SCHURRA, Doctor GARY SMITH, Doctor ROBIN A. EDWARDS, Doctor GERALD E. LAU, Doctor DAVID Y. NAKAMURA, Doctor STEVEN J. GARONS, Doctor MIHAE YU, Doctor MENG-CHEN ROE, Doctor MANKWAN T. WONG, Doctor JOHN DOE and Doctor RICHARD ROE, and Does 1through 25, inclusive).

65. Plaintiff realleges and incorporates by reference paragraphs 1 through 61 of this Complaint.

66. In doing the acts complained of, Defendant Doctors acted under the color of the law to deprive the Plaintiff of certain Constitutionally protected rights, including, but not limited to:

A. The right to be free from unreasonable seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

B. The right to be free from arrest without probable cause, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

C. The right not to be deprived of life, liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

D. The right to be free from the use excessive force by Federal Doctor and other Government actors, which is guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

1    E. The right to be free from cruel and unusual punishment; and from pre-

2  judgment punishments, as guaranteed by the Eighth Amendment to The United

3  States Constitution;

4

5    F. The right to counsel (Surrogacy) before interrogation in a custodial

6  setting, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United

7  States Constitution.

8    67. As a proximate result of Defendant's wrongful conduct, Plaintiff suffered

9  injuries and damages as set forth.

10

11  **WHEREFORE**, Plaintiff prays for relief as set forth in the Complaint.

12              **SECOND CAUSE OF ACTION**
                   (42 U.S.C. Section 1983)
13  (Against Defendants HILO, Defendant QUEENS, Defendant R.O.T.P, Defendant
    LITNEUTRAL, Defendant ROBERT WHITE, Defendant RONALD SCHURRA,
14  and Defendant H.A.A.)

15    68. Plaintiff realleges and incorporates by reference herein paragraphs 1

16  through 67 of this Complaint.

17

18    69. Defendant HILO, CEO RONALD SCHURRA, Defendant QUEENS,

19  Defendant R.O.T.P., Defendant LITNEUTRAL, Defendant ROBERT WHITE, by

20  and through their supervisory officials and employees, have been given notice on

21  repeated occasions of patterns of ongoing Constitutional Violations and practices by

22  Defendant Federal Health Care Facilities herein and other Doctors, consisting of

23  "patient dumping", failure to check records for known allergies, denial of counsel,

24

25  assault with intent to kill, cruel and unusual punishment, restraint by medication,

26  records fraud, and making and transmitting of permanent medical records, providing

27  Complaint For Violation of Civil Rights Jury Trial Demanded                    24

28

1  person with bi-polar disease and injected Plaintiff DARRELL WILLIAM

2  WHEELER with seven doses of a controlled substance; each doctor knew that

3  Plaintiff DARRELL WILLIAM WHEELER was deathly allergic to. Despite said

4  Notice, Defendants HILO, Defendant QUEENS, Defendant R.O.T.P, Defendant

5  

6  LITNEUTRAL, Defendant ROBERT WHITE, Defendant RONALD SCHURRA,

7  and Defendant H.A.A. have demonstrated deliberate and willful indifference to this

8  pattern and practices of Constitutional violations by failing to take necessary,

9  appropriate or adequate measures to prevent the continued perpetuation of said

10 pattern of consent by their Federal Doctors. This lack of supervisorial response by

11 

12 Defendants HILO, Defendant QUEENS, Defendant R.O.T.P, Defendant

13 LITNEUTRAL, Defendant ROBERT WHITE, Defendant RONALD SCHURRA,

14 and Defendant H.A.A. and demonstrates the existence of an informal custom or

15 policy which tolerates and promotes the continued violation of Civil Rights of

16 citizens by their doctors and healthcare providers.

17 

18     70. The acts of Defendant DOCTORS alleged herein are the direct and

19 proximate result of the deliberate indifference of Defendants HILO, Defendant

20 QUEENS, Defendant R.O.T.P, Defendant LITNEUTRAL, Defendant ROBERT

21 WHITE, Defendant RONALD SCHURRA, and Defendant H.A.A. and their

22 supervisory officials and employees to violations of Constitutional Rights by

23 Defendant Federal Doctors herein, and other members of their Federal Health Care

24 

25 Facilities. The Plaintiff's injuries were foreseeable and a proximate result of the

26 deliberate indifference of the Defendants HILO, Defendant QUEENS, Defendant

27 Complaint For Violation of Civil Rights Jury Trial Demanded                          25

28

1 R.O.T.P, Defendant LITNEUTRAL, Defendant ROBERT WHITE, Defendant

2 RONALD SCHURRA, and Defendant H.A.A. and to the pattern, practices, customs,

3 and policies described above.

4

5 **WHEREFORE,** Plaintiffs pray for relief as set forth in the Complaint.

6 **THIRD CAUSE OF ACTION**
(California Civil Code Section 52.1)

7 (Exemplary Damages Against All Defendants)

8 71. Plaintiffs realleges and incorporate by reference herein paragraphs 1

9 through 70 of this Complaint.

10

11 72. The conduct of the Defendants Federal Doctors as described herein

12 violated California Civil Code section 52.1, in that they interfered with Plaintiff's

13 exercise and enjoyment of his Civil Rights, as enumerated above, through use of

14 chemical assault and battery, false imprisonment through chemical restraint and

15 denial of due process.

16
73. As a direct and proximate result of defendant's violations of Civil Code
17
section 52.1, Plaintiffs suffered violations to their personal and their Constitutional
18
19 rights, and suffered damages as set forth.

20 74. Since the conduct of Defendant Federal DOCTORS occurred in the

21 course and scope of their employment, Defendants HILO, Defendant QUEENS,

22 Defendant R.O.T.P, Defendant LITNEUTRAL, Defendant ROBERT WHITE,

23 Defendant RONALD SCHURRA, and Defendant H.A.A. and DOES 1 through 25
24
are liable to Plaintiff pursuant to respondent Superior.
25

26

27 Complaint For Violation of Civil Rights Jury Trial Demanded                    26

28

1    75.  Plaintiffs are entitled to injunctive relief and an award of cost pursuant to

2    Civil Code section 52.1

3    **WHEREFORE,** Plaintiff prays for relief as set forth in the Complaint.

4

5                            **FOURTH CAUSE OF ACTION**
                                (Assault and Battery)
6                               (Against all Defendants)

7    76.  Plaintiff realleges and incorporates by reference herein paragraphs 1

8    through 75 of this Complaint.

9    77.  Defendant Federal Doctors placed Plaintiff in immediate fear for his
10
     safety by unjustifiably injecting his person with seven doses of a controlled substance
11
12   that Plaintiff DARRELL WILLIAM WHEELER was allergic to.  Defendants also

13   blew out Plaintiff DARRELL WILLIAM WHEELER'S lung.  Defendants also

14   chemically restrained Plaintiff DARRELL WILLIAM WHEELER.  Defendants also

15   provided such deplorable care and neglect that Plaintiff DARRELL WILLIAM

16   WHEELER was left severely contracted thus requiring major surgery cutting his
17
     Achilles tendon so that he could stand.  Plaintiff DARRELL WILLIAM WHEELER
18
19   will never be able to move or walk normally again.

20   78.  Defendant's conduct was neither privileged nor justified under Statute or

21   Common Law.

22   79.  Since the conduct of Defendant Federal DOCTORS occurred in the
23
     course and scope of their employment, defendant HILO, Defendant QUEENS,
24
25   Defendant R.O.T.P, Defendant LITNEUTRAL, Defendant ROBERT WHITE,

26

27   Complaint For Violation of Civil Rights Jury Trial Demanded                    27

28

1  Defendant RONALD SCHURRA, and Defendant H.A.A. are therefore liable to

2  Plaintiff pursuant to respondent superior.

3
4          80. As a proximate result of Defendant's wrongful conduct, Plaintiffs

5  suffered damages as set forth.

6  **WHEREFORE**, Plaintiffs pray for relief as set forth in the Complaint.

7                          **FIFTH CAUSE OF ACTION**
                          (Intentional Infliction of Emotional Distress)
8                              (Against All Defendants)

9          81. Plaintiff realleges and incorporates by reference herein Paragraphs 1
10
11  through 80 of this Complaint.

12         82. The conduct of Defendant Federal DOCTORS, as set forth herein, was

13  extreme and outrageous and beyond the scope of conduct which is to be tolerated by

14  citizens in a democratic and civilized society.  However, in order to deliberately

15  injure Plaintiffs, Defendant Federal DOCTORS committed the aforementioned

16
17  extreme and outrageous acts with the intent to inflict severe mental and emotional

18  distress upon Plaintiffs.

19         83. Since the conduct of Defendants occurred in the course and scope of their

20  employment, Defendants HILO, Defendant QUEENS, Defendant R.O.T.P,

21  Defendant LITNEUTRAL, Defendant ROBERT WHITE, Defendant RONALD

22  SCHURRA, and Defendant H.A.A. are therefore liable to Plaintiffs pursuant to

23
24  respondent superior.

25

26

27  Complaint For Violation of Civil Rights Jury Trial Demanded                    28

28

1    84.  As a proximate result of Defendant's willful, intentional and malicious

2    conduct, Plaintiffs are entitled to an award of punitive damages as against the

3    individually named doctors.  Plaintiffs have suffered damages as set forth.

4

5    **WHEREFORE,** Plaintiff prays for relief as set forth in the Complaint.

6                    **SIXTH CAUSE OF ACTION**
                          (False Imprisonment)
7                        (Against All Defendants)

8    85.  Plaintiff realleges and incorporates by reference herein paragraphs 1-84

9    of  this Complaint.

10

11   86.  On or about October 20, 2002, Defendant DOCTORS did intentionally

12   and maliciously inject deadly drugs without a Court order of commitment of any

13   kind, or any other legal authority of any kind into Plaintiff DARRELL WILLIAM

14   WHEELER'S person.  Defendant DOCTORS' duty was to stabilize Plaintiff

15   DARRELL WILLIAM WHEELER, not kill him.

16

17   87.  Defendant Doctors detained Plaintiff DARRELL WILLIAM WHEELER

18   in their care and custody while they assaulted him with each injection to kill him at

19   Defendant HILO or in the air ambulance ride to Defendant QUEENS, where Plaintiff

20   DARRELL WILLIAM WHEELER was imprisoned by chemical restraint until his

21   eventual release by Court order dated June 23, 2006, Case Number G No. 03-1-0005

22   in the Circuit Court of The Third Circuit State of Hawaii.

23

24   88.  Since the conduct of Defendant DOCTORS' occurred in the course and

25   scope of their employment, Defendants HILO, Defendant QUEENS, Defendant

26   R.O.T.P, Defendant LITNEUTRAL, Defendant ROBERT WHITE, Defendant

27   Complaint For Violation of Civil Rights Jury Trial Demanded                    29

28

1   RONALD SCHURRA, and Defendant H.A.A. and are therefore liable to Plaintiff

2   pursuant to respondent superior.

3
4       89. The conduct of Defendant DOCTORS, as set forth herein, was extreme

5   and outrageous and beyond the scope of conduct which should be tolerated by

6   citizens in a democratic and civilized society. However, in order to deliberately

7   injure Plaintiffs, Defendant Doctors committed the aforementioned extreme and

8   outrageous acts with the intent to inflict severe injury or death upon Plaintiff

9   DARRELL WILLIAM WHEELER thereby justifying an award of punitive damages

10  against all Defendants.
11
12      90. As a proximate result, Plaintiffs suffered as set forth in the Complaint.

13  **WHEREFORE,** Plaintiff prays for relief as set forth in the Complaint.

14                  **SEVENTH CAUSE OF ACTION**
                              (Defamation)
15          (Against Defendant Litneutral, LLC., Robert White)

16
17      91. Plaintiffs incorporate by reference all allegations stated in paragraphs 1

18  through 90 inclusive, as if fully set forth in the Complaint.

19      92. Defendant LITNEUTRAL, ROBERT WHITE, Surety for Defendant

20  HILO, lied to Plaintiffs and falsely told them that they had done an investigation and

21  determined that Plaintiff DARRELL WILLIAM Wheeler's injuries and care were

22  not caused by the Defendants. Defendants knew that they had no reasonable basis

23  for making said accusation because they knew that they had done no investigation

24  into the veracity of their statements, but instead had made them recklessly and with a

25  conscious disregard for the rights of Plaintiffs DARRELL WILLIAM WHEELER

26
27  Complaint For Violation of Civil Rights Jury Trial Demanded                    30

28

1  and PAULINE ELLIS. Defendants did place in the U.S. Mail a letter dated April 12,

2  2008 (See Exhibit C).

3
4  93. Plaintiffs are informed and believe and, based on that information and

5  belief allege, that Defendants and their Agents made the statements as alleged in

6  paragraph 92 knowingly.

7  94. The aforementioned facts were untrue, and Defendants knew them to be

8  untrue.

9  95. The publication of these allegations were instigated by malice, hatred,

10
11  and ill-will toward Plaintiffs as a Federal Med-Quest recipient.

12  96. As a result of Defendants unlawful conduct Plaintiffs DARRELL

13  WILLIAM WHEELER and PAULINE ELLIS have suffered special and general

14  damages to their reputation.

15  97. Defendants conduct arose from hatred and ill will towards Plaintiffs

16  DARRELL WILLIAM WHEELER and PAULINE ELLIS and a desire to oppress

17
18  Plaintiffs and with the wrongful intention of injuring Plaintiffs. The conduct was

19  taken with an improper and evil motive amounting to malice and in conscious

20  disregard of Plaintiffs rights and abilities. Because the actions taken towards

21  Plaintiffs, Plaintiffs are entitled to recover punitive damages from Defendants in an

22  amount according to proof and in an amount appropriate to punish and make an

23  example of Defendants.
24
25  **WHEREFORE,** Plaintiff prays for relief as set forth in this Complaint.

26
27  Complaint For Violation of Civil Rights Jury Trial Demanded                                    31

28

1

2

**EIGHTH CAUSE OF ACTION**
(Negligence)
(Against All Defendants)

3

4

98. Plaintiffs realleges and incorporate by reference herein paragraphs 1

5

through 64 of this Complaint, except for any and all allegations of extreme,

6

outrageous, intentional, malicious, wanton, and oppressive conduct by Defendants,

7

and any and all allegations requesting punitive damages.

8

9

99. At all times herein mentioned, defendants were subject to a duty of care,

10

to avoid causing unnecessary physical harm and distress to citizens in the exercise of

11

the Federal Med-Quest Health Care System. The conduct of Defendants, as set forth

12

herein, did not comply with the standard of care to be exercised by reasonable

13

Doctors and hospitals, proximately causing Plaintiff DARRELL WILLIAM

14

WHEELER to suffer damages as set forth.

15

16

**WHEREFORE,** Plaintiff prays for relief as set forth in the Complaint.

17

18

**NINTH CAUSE OF ACTION**
(Negligent Infliction of Emotional Distress)
(Against All Defendants)

19

100. Plaintiffs realleges and incorporate by reference herein paragraphs 1

20

through 99 of the Complaint, except for any and all allegations of intentional,

21

22

malicious, extreme, outrageous, wanton, and oppressive conduct by Defendants, and

23

any and all allegations requesting punitive damages.

24

101. At all times herein mentioned, defendants were subject to a duty of care,

25

to avoid causing unnecessary physical harm and distress to citizens. The conduct of

26

Defendants, as set forth herein, did not comply with the Standard of Care to be

27

Complaint For Violation of Civil Rights Jury Trial Demanded                                    32

28

1  exercised by reasonable Federal doctors and Federal Med-Quest hospitals,

2  proximately causing Plaintiff to suffer damages as set forth.

3
4     102. The conduct of Defendants as set forth herein, was extreme and

5  outrageous and beyond the scope of conduct which should be tolerated by citizens in

6  a democratic and civilized society.

7     103. As a proximate result of Defendant's conduct, Plaintiffs suffered severe

8  and extreme mental and emotional distress. Plaintiffs have suffered damages as set

9  forth.

10
11  **WHEREFORE,** Plaintiff prays for relief as set forth in the Complaint.

12                    **CLAIM REQUIREMENT**

13     104. For State causes of action related to Federal claims, Plaintiffs are

14  required to comply with administrative claim requirements under California law.

15  Plaintiffs DARRELL WILLIAM WHEELER and PAULINE ELLIS have complied

16  with all applicable requirements, and all administrative remedies have been

17
18  exhausted.

19                       **JURY DEMAND**

20
21     105. Plaintiff hereby demands a Jury trial in this actions.

22                          **PRAYER**

23
24  **WHEREFORE,** Plaintiffs pray for relief as follows: $10,000,000

25  1. Special demands in an amount no less than $10,000,000

26  2. General damages in an amount no less than $5,000,000

27  Complaint For Violation of Civil Rights Jury Trial Demanded                    33

28

3. Punitive damages in an amount no less than $1,000,000 per Defendant

4. Exemplary damages in the amount of $10,000,000 and an additional $25,000 per Defendant for each violation of the Civil Code section 51.7 and cost pursuant to Civil Code section 52(b).

$ 3,433,260.00

5. Cost of care to date as invoiced see (Exhibit D) ~~$9,600,000.~~ ℓ♭ 4/27/09

6. Cost pursuant to 42 U.S.C. 1988

7. Cost of suit incurred herein, and

8. Such other and further relief as the Court may deem just and proper. Or in the alternative return my health and quality of life.

9. Justice for all

Dated April 27, 2009          By: _Pauline Ellis_

Pauline Ellis

By: _____
         Darrell William Wheeler

**EXHIBIT LIST**
**WHEELER v. HILO**
**CASE NO. As Filed**

A. Guardianship Order dated June 27, 2003.

B. Federal Hospital Records dated July 3, 2001 and September 24, 2002.

C. LitNeutral Letter dated April 16, 2007.

D. Invoice from Pauline Ellis dated December 31, 2003 through March 31, 2009.

E. Judgment Guilty Conviction and Sentence Case Number 02-1-0407 State of Hawaii.

Legal Tabs Co. 1-800-322-3022

Recycled ♲ Stock #WEX-5-B

FILED

ROBERT P. MARX,
ATTORNEY AT LAW,
A LAW CORPORATION

2003 JUN 27 PM 1: 52

B. McRAE, CLERK
THIRD CIRCUIT COURT
STATE OF HAWAII

ROBERT P. MARX    #2746
688 Kinoole Street, Suite 105
Hilo, Hawaii 96720
Telephone: (808) 935-8988

Attorney for Petitioner

## IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

## STATE OF HAWAII

IN THE MATTER OF GUARDIANSHIP OF:

DARRELL WILLIAM WHEELER,

          Incapacitated Person,
          Adult.

)
)
)
)
)
)
)
)

G. No. 03-1-0005
(Guardianship of Adult)

**ORDER GRANTING PETITION FOR
APPOINTMENT OF GUARDIAN FOR
INCAPACITATED PERSON DARRELL
WILLIAM WHEELER**

## ORDER GRANTING PETITION FOR APPOINTMENT OF GUARDIAN FOR INCAPACITATED
## PERSON DARRELL WILLIAM WHEELER

The Petition for Appointment of Guardian for Incapacitated Person Darrell William Wheeler

having been filed by PAULINE ELLIS, Petitioner; said Motion having regularly come on for hearing

before the Honorable Judge Greg K. Nakamura in his courtroom on June 17, 2003 at 8:30 a.m.;

present were Petitioner PAULINE ELLIS and Incapacitated Person Darrell William Wheeler who

was being represented by Robert P. Marx, Esq.; and the Court having reviewed the documents

filed herein, and good basis appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Petition for Appointment

of Guardian for Incapacitated Person Darrell William Wheeler, filed herein on April 11, 2003, be,

and the same is hereby GRANTED as follows:

I hereby certify that this is a full, true and **correct**
copy of the original on file in this office.



Clerk, Third Circuit Court, State of Hawaii

1.  Court finds that a basis for the appointment of a Guardian for the above-named incapacitated person has been established;

2.  That PAULINE ELLIS be and hereby is appointed Guardian for Darrell William Wheeler and that letters be issued to said Guardian without bond;

3.  That PAULINE ELLIS is granted the authority to make medical decisions and all other related decisions in the care and management of incapacitated person Darrell William Wheeler;

4.  That guardian shall have all the authority described in HRS § 560:5-312.

DATED: Hilo, Hawaii, _____ **JUN 2 7 2003**

SEAL

JUDGE OF THE ABOVE ENTITLED COURT
GREG K. NAKAMURA

2

NAKAMOTO, OKAMOTO & YAMAMOTO
ATTORNEYS AT LAW
A LAW CORPORATION

JEREL I. YAMAMOTO 2807-0
187 Kapiolani Street
Hilo, Hawaii 96720

Telephone: (808) 961-0641

Kokua Kanawai



2003 MAR 17  :: 4: 15

**B. McRAE, CLERK**
THIRD CIRCUIT COURT
STATE OF HAWAII

## IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

### STATE OF HAWAII

| | |
|---|---|
| In the Matter of the | ) G. No. 03-1-0005 |
| Guardianship | ) Guardian of Adult |
| | ) |
| of | ) |
| | ) REPORT OF KOKUA KANAWAI; |
| DARRELL WILLIAM WHEELER | ) AFFIDAVIT OF JEREL I. |
| | ) YAMAMOTO; EXHIBIT 1; |
| An Incapacitated Person. | ) CERTIFICATE OF SERVICE |
| | ) |
| | ) JUDGE: GREG K. NAKAMURA |
| | ) |
| | ) HEARING: March 20, 2003 |
| | ) 8:00 a.m. |

### REPORT OF KOKUA KANAWAI

Jerel I. Yamamoto, court appointed Kokua Kanawai, submits the following

report:

1. Your Kokua Kanawai was appointed on February 26, 2003.

2. After reviewing the petition, your Kokua Kanawai met with and had a

lengthy conversation with Petitioner Pauline Ellis regarding the case.

The purpose of this guardianship of the property is to have someone appointed to

protect, investigate and pursue possible personal injury claims that the protected person

I hereby certify that this is a full, true and **correct**
copy of the original on file in this office.

**hcau dro**

Clerk, Third Circuit Court, State of Hawaii

atty.jiy\guardn\wheeler.rept.031203                    1

may have against third parties (including Hilo Medical Center, the emergency room physician, unknown assailant) which have caused his injuries.

3. Your Kokua Kanawai is informed that Mr. Wheeler has no immediate family members to be responsible for him. Ms. Ellis stated that Mr. Wheeler's father died when he was 21 and his mother died in 1997. He has no brothers or sisters. After his mother died, Mr. Wheeler had stated to Ms. Ellis that he had no relatives. He may have aunts or uncles but Mr. Wheeler was not close to them, did not maintain regular contact with them and doesn't know their whereabouts.

Mr. Wheeler confirmed that he may have aunts or uncles but does not know where they are.

Your Kokua Kanawai is also informed that Mr. Marx's office contacted Mr. Wheeler's friends in California to determine if there were extended family members or relatives. I am informed that the friends did not provide the names of any other relatives.

4. I am informed that on or about October 26, 2002, the protected person was assaulted and beaten around the head area. Wheeler was then admitted to Hilo Medical Center where was being treated for severe head trauma. During the course of treatment, Wheeler received several medications including penicillin, which he is allergic to.

Mr. Wheeler had a bad reaction to the penicillin and then went into a coma and sustained further brain damage. He subsequently regained consciousness. His physical condition has improved over the past three months. He is currently confined to his bed and has limited physical function at the present time.

Mr. Wheeler underwent surgery January 29, 2003, at Queens Medical Center in Honolulu to lengthen his Achilles tendon on both legs, which was to release muscles that

atty.jiy\guardn\wheeler.rept.031203                                    2

had contracted and had tightened. He was then transferred to the Rehab Hospital of the Pacific where he is currently a resident.

Your Kokua Kanawai met with Valarie Mendoza, his case manager at Rehab Hospital and reviewed Mr. Wheeler's chart about his condition.

Mr. Wheeler's current treating physicians are Dr. Mang Roe (1380 Lusitana Street, Suite 804) and Dr. Yiu (1380 Lusitana St. Ste. 804). Mr. Wheeler's mental competency is being monitored by clinical psychologist Brian Coombs, Ph.d. (544-3366).

The medical records indicated that initially (on February 14, 2003) Dr. Coombs believed that Mr. Wheeler was competent and able to make his own decisions. Subsequently, on February 21, 2003, Dr. Coombs changed his opinion on Mr. Wheeler's competency. He now maintains that Mr. Wheeler is not competent to make complex decisions, even though he is able to answer questions.

5.    On March 14, 2003, your Kokua Kanawai visited with the protected person at the Rehab Hospital of the Pacific in Honolulu.

Mr. Wheeler was found in his bed. He is on a 24-hour watch because he has fallen out of bed on several occasions due to his rocking side to side in his bed. He is unable to sit up on his own and does not have coordinated motor skills. He is able to sit in a wheelchair. According to Ms. Mendoza, he is unable to write or to draw. He is able to do a feeding motion in his right hand. He can shake hands on his right side, but there is no noticeable movement or function on his left side.

Mr. Wheeler is undergoing intensive therapy at Rehab. He was observed undergoing speech therapy and was able to follow instructions and have a question and answer session with the therapist. His attention span is extremely short and is able to

atty.jiy\guardn\wheeler.rept.031203                                                       3

identify his speech therapist and the other therapists by name. He was able to answer simple questions but could not answer complex or long questions. He does need prompting in answering questions. He was also able to correctly answer several addition problems given to him. He also made several errors.

After his therapy session was over, I was able to have a conversation with Mr. Wheeler.

Wheeler was able to tell your Kokua Kanawai that Pauline Ellis is a friend who he knows for about 10 years. He told me that he wanted Pauline to be his guardian of the property because he trusts her. He is aware that Pauline has filed a petition to be his guardian. I don't believe, however, that he totally comprehends the scope and responsibility of a guardianship.

6.    Your Kokua Kanawai is informed that Mr. Wheeler's medical bills are currently being paid through MedQuest (welfare).

7.    Ms. Ellis is 53 years old. She is a registered nurse employed at Hilo Medical Center. She has been a nurse in Hilo for 4 years.

Ms. Ellis has known Mr. Wheeler for about 12 years. Ms. Ellis and Mr. Wheeler went to nursing school together and were in study groups. In addition, they were roommates. Mr. Wheeler was made a part of her family in California.

After getting her nursing job here, Mr. Wheeler came over and checked out the situation. Mr. Wheeler then moved here to work as a nurse.

There are no known problems (physical, mental or other), which would prevent her from her serving as guardian of the property. She has general knowledge on what her duties and responsibilities will be as a guardian of the property.

8.      Ms. Ellis intends to bring Mr. Wheeler back to Hilo on or about March 26,
2003. Although she is working, she will be using various service agencies and friends to
provide care to Mr. Wheeler. There had been plans to place Mr. Wheeler in a care home
in California, which have been superceded.

CONCLUSION:

Based on the foregoing, it is the recommendation of your Kokua Kanawai that the
petition for appointment of Pauline Ellis as guardian of the property for Darrell Wheeler
be granted. Although Darrell Wheeler is able to answer simple questions, he is unable to
competently manage his own financial affairs and make complex decisions. Mr. Wheeler
should be advised of and involved in the decision-making process. Your Kokua Kanawai
is satisfied that Pauline Ellis is competent and capable to serve as guardian of the
property. It is in the best interest of the protected person to establish this guardianship of
the property and to appoint Ms. Ellis as guardian.

Your Kokua Kanawai also recommends that a guardianship of the person be
obtained as well. Although the protected person should be involved in the decision-
making process, I believe that he needs someone to make medical treatment decisions on
his behalf.

Wherefore, Your Kokua Kanawai requests:

1.      That the court approve this report;

2.      That the court discharge him after accepting the report.

3.      That the court approve the requested fees and costs as submitted by your
Kokua Kanawai.

4. For such other and further relief that the Court deems just and equitable under the circumstances.

Dated: Hilo, Hawaii, ___March 17, 2003___

_____

Jerel I. Yamamoto
Kokua Kanawai

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| In the Matter of the Guardianship | ) G. No. 03-1-0005 ) Guardian of Adult ) |
| of | ) ) |
| DARRELL WILLIAM WHEELER | ) AFFIDAVIT OF JEREL I. ) YAMAMOTO; EXHIBIT 1; |
| An Incapacitated Person. | ) ) ) ) |

## AFFIDAVIT OF JEREL I. YAMAMOTO

STATE OF HAWAII      )
                                   ) SS:
COUNTY OF HAWAII   )

I, JEREL I. YAMAMOTO, being first duly sworn on oath, deposes and states:

1.      I am an attorney duly licensed to practice law in the State of Hawaii and am a member of Nakamoto, Okamoto & Yamamoto. I have been appointed Kokua Kanawai by this Court pursuant to an Order filed on February 26, 2003.

2.      I have personal knowledge of the contents of this Affidavit and am competent to testify about the same.

3.      I have performed the duties required of a Kokua Kanawai as defined by court rules and the services performed are related to the performance of my duties herein.

4.      Attached hereto as Exhibit 1 and by reference made a part hereof is a true and correct copy of a detailed billing statement of services preformed and costs incurred as Kokua Kanawai. The charges are based on a time spent basis at a rate of $180 per hour. The rates charged herein are reasonable and comparable to charges of other

attorneys in Third Judicial Circuit with comparable experience.  All costs and charges are

directly related to the services performed in this case.

And further affiant sayeth not.


_____

JEREL I. YAMAMOTO


Subscribed and sworn to before me
this _17_ day of _March_ , 2003.

L.S.


_JANICE Y. KANESHIRO_

JANICE Y. KANESHIRO
Notary Public, State of Hawaii

My commission expires:  _7/4/2003_

OKAMOTO, OKAMOTO & YAMAMOTO
ATTORNEYS AT LAW, A LAW CORPORATION
187 Kapiolani Street
Hilo, Hawaii 96720-2687
(808) 961-0641

Page: 1
03/17/03

THIRD CIRCUIT COURT
75 AUPUNI ST
HILO HI 96720

ACCOUNT NO: 2003160-00
STATEMENT NO: 1

SERVE AS KOKUA KANAWAI FOR DARRELL W. WHEELER

|  | HOURS |  |
|---|---|---|
| **02/19/03** |  |  |
| JIY Telephone call from Sue/3CC re: Kokua Kanawai | 0.20 | 36.00 |
| **03/04/03** |  |  |
| JIY Telephone call to Bob Marx office - message | 0.10 | 18.00 |
| **03/05/03** |  |  |
| JIY Telephone conference with Bob Marx | 0.20 | 36.00 |
| **03/07/03** |  |  |
| JIY Review fax from Bob Marx | 0.20 | 36.00 |
| JIY Telephone call to Valarie / Rehabilitation Hospital of the Pacific | 0.20 | 36.00 |
| JIY Telephone call to Valarie / Rehab Hospital | 0.10 | 18.00 |
| **03/10/03** |  |  |
| JIY Telephone call to Bob Marx - message | 0.10 | 18.00 |
| JIY Telephone call to Marx's office re: order appointment | 0.20 | 36.00 |
| JIY Draft fax to Valarie/Rehab Hospital | 0.30 | 54.00 |
| JIY Review petition and order | 0.30 | 54.00 |
| JIY Telephone call from Bob Marx | 0.20 | 36.00 |
| **03/12/03** |  |  |
| JIY Draft report | 1.00 | 180.00 |
| JIY Telephone call to Pauline Ellis | 0.30 | 54.00 |
| **03/14/03** |  |  |
| JIY Travel to Honolulu; Conference with Val Mendoza/Case Manager; Meeting with |  |  |


EXHIBIT 1

THIRD CIRCUIT COURT

ACCOUNT NO:  2003160-00
STATEMENT NO:          1

SERVE AS KOKUA KANAWAI FOR DARRELL W. WHEELER

|  | HOURS | |
|---|---|---|
| Darrell Wheeler; Return to Hilo | 9.00 | 1,620.00 |

03/17/03

| | | |
|---|---|---|
| JIY Review message from Val | 0.10 | 18.00 |
| JIY Telephone call to Dr. Coombs - message | 0.10 | 18.00 |
| JIY Work on report of Kokua Kanawai | 1.00 | 180.00 |

03/20/03

| | | |
|---|---|---|
| JIY Attend Guardianship hearing | 0.70 | 126.00 |

| | | |
|---|---|---|
| FOR CURRENT SERVICES RENDERED | 14.30 | 2,574.00 |
| HAWAII EXCISE TAX ON SERVICES | | 107.26 |

| | |
|---|---|
| 03/07/03 telephone charge 808-566-3735 | 1.42 |
| 03/07/03 telephone charge 808-566-3735 | 2.17 |
| 03/17/03 Check to Puainako Travel Service for airfare to Honolulu | 73.00 |
| 03/17/03 Check to AVIS for car rental | 22.51 |
| 03/17/03 Check to JIY for reimbursement for airport parking fee | 3.50 |
| 03/17/03 telephone charge 808-544-3366 telephone charge 808-547-4401 | 2.84 |

| | |
|---|---|
| TOTAL ADVANCES | 105.44 |
| TOTAL CURRENT WORK | 2,786.70 |
| BALANCE DUE | $2,786.70 |

IMPORTANT:  PLEASE WRITE YOUR ACCOUNT NUMBER ON PAYMENT

## IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

### STATE OF HAWAII

| | |
|---|---|
| In the Matter of the ) | G. No. 03-1-0005 |
| Guardianship ) | Guardian of Adult |
| ) | |
| of ) | |
| ) | CERTIFICATE OF SERVICE |
| DARRELL WILLIAM WHEELER ) | |
| ) | |
| An Incapacitated Person. ) | |
| ) | |
| _____ ) | |

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing REPORT OF KOKUA KANAWAI;

AFFIDAVIT OF JEREL I. YAMAMOTO and EXHIBIT 1, was duly mailed, postage

prepaid to the following on this __17th__ day of __March__ , 2003:

Robert Marx, Esq.                           Pauline Ellis
688 Kinoole Street                          PMB 206, 200 Kanoelehua Avenue
Suite 105                                   Hilo, Hawaii 96720
Hilo, Hawaii 96720

Darrell W. Wheeler
Rehab Hospital of the Pacific
226 N. Kuakini Street
Room 310, Bed 1
Honolulu, Hawaii 96817

_____
JEREL I. YAMAMOTO

Recycled Stock #WEX-5-B

# Hilo Medical Center
We Care for Our Community

**EMERGENCY DEPARTMENT CRITICAL CARE NURSING NOTES**

WHEELER, DARRELL W    7/03/01
1508974    285278
MED REC #

ALLERGIES: _____ PCN

**TO TX / AREA**   **PRIMARY / SECONDARY ASSESSMENT**

DATE

Time: 0815

**MENTAL STATUS**
☒ Ambulatory
☐ W/C
☐ Stretcher
☐ Carried
☐ _____

☒ Alert/Oriented
x 3
☐ Confused
☐ Lethargic
☐ Uncooperative
☐ Unresponsive
☐ GCS_____

**CARDIOVASCULAR**
☐ Rate Regular
☐ Rate Irregular
☐ Pulses_____
☐ Edema_____
☐ Monitor Rhythm

Pain Level Key:
0 to 10
none → severe

**RESPIRATORY**
☐ Normal Effort
☐ Labored
☐ Hyperventilating
☐ _____

**BREATH SOUNDS**
R          L
☐ Clear      ☐
☐ Crackles   ☐
☐ Rhonchi    ☐
☐ Wheezes    ☐
☐ Diminished ☐
☐ Absent     ☐
☐ N/A        ☐

**INJURY**
                    Site          Laceration/Size
☐ Head/Face _____  _____
☐ Neck _____       _____
☐ Trunk _____      _____
☐ Back _____       _____
☐ Arm _____
  ☐ L               ☐ R

☐ Leg _____
  ☐ L               ☐ R

☐ Bleeding Controlled
☐ CSM Intact        ☐ Ice
☐ Elevation
☐ Splint _____

**ACCOMPANIED BY**
☒ Self
☐ Relative
☐ Friend
☐ Police
☐ _____

Child's Weight:
_____ kg

**SKIN**
☐ Warm
☐ Cool
☐ Hot
☐ Dry
☐ Diaphoretic
☐ Pale
☐ Flushed
☐ Cyanosis

**ABDOMEN** _____
☐ Soft
☐ Flat
☐ Tender
☐ Bowel Sounds
☐ Distended
☐ N/A

SIGNATURE

| TIME | VITAL SIGNS | | | | | RHYTHM | NURSING NOTES / TREATMENTS |
|------|------|------|------|------|------|--------|---------------------------|
|      | BP | P | R | Temp | SpO₂ | | |
| 0815 | 130/80 | 72 | 18 | 974 | | | Pt. presents c c/o rectal pain 2° perirectal abscess. Denies fever or loss in bowel or bladder. + |
| | | | | | | | 0727 - D.C. Instruct - See Dr. Old father today at 08-30 - |

☐ see continuation sheet for further documentation

☐ **SEE NEURO SHEET**    **MEDICATION AND PROCEDURE DOCUMENTATION** * *

| Time | Medication/Procedure | Dose | Rte | Site | Initials | Time | Medication/Procedure | Dose | Rte | Site | Initials |
|------|---------------------|------|-----|------|----------|------|---------------------|------|-----|------|----------|
| 0720 | Levaquin | 500 | PO | | R.A | | | | | | |

* Document response to medication and/or procedure in comments above.
Identify initials by signature and title.

| Name: Family | | First | | Middle | | D.O.B. 19 | Age | S.S. # |
|---|---|---|---|---|---|---|---|---|
| WHEELER, DARRELL W | | | | | | 11/28/68 | 032Y | 563-75-047 |

| Sex: ☐ Male ☐ Female | Marital Status: ☐ S ☐ M ☐ D ☐ W ☐ Sep | | Next of Kin ELLIS, POLLY | | | Relationship OT | Phone No. 8089613620 |
|---|---|---|---|---|---|---|---|

**Permanent Address:** 94 KAPIOLANI ST APT D   HILO   HI   Zip Code 96720   Phone No.

**Street Address:** 94 KAPIOLANI ST APT D   HILO   HI   Zip Code 96720   Clerk Initials   ERDI

| Occupation GUIDE | Employer ARNOTTS LODGE | Insurance Type: | SELF PAY |
|---|---|---|---|

| ER Physician LING | Private Physician LINDEN, CHRISTOPHER | Triage Time 638 | Room Time 0650 | MD Time | Time Out 0737 | Date 7/03/01 20 |
|---|---|---|---|---|---|---|

| Condition on Arrival: ☒ A ☐ V ☐ P ☐ U | Brought to Hospital by: self-walk ☐ Medic ☐ PMV ☐ Other | Information from: ☐ Self ☐ EMS ☐ Other | Accident: 7/02/01 800/ |
|---|---|---|---|

**Current Medications:** Vicodin

| | Time | B.P. | Pulse | Resp. | SpO2% | Temp. | ☐ Tm ☐ ax ☒ oral ☐ Rec |
|---|---|---|---|---|---|---|---|
| | 0645 | 118/80 | 72 | 18 | | 97⁴ | VA: OD   OS |

**Medical History:** Hx of recurring peri-rectal abscesses.

**LMP:** **WT:** **Last Tetanus:**

**Allergies:** PCN ◀━━━

**Chief Complaint / Evaluation:**

Pt. c/o severe rectal pain seen at this week for rectal abscess.    ———— LPN/R.N.

OK. 1 ↑ ↓ ℥ V2
S - ✓   E - ✓   Family stroke
                   lung CA.

| Time | M.D. Orders | Initial & Time |
|---|---|---|
| | (1) Cleocin 300 p.o. | 0730 |
| | (2) Follow up c | |
| | Dr. Thunez | |
| | Old Father | |

**Imp.** Perirectal Abscess

**Disposition:** ☐ Home ☐ Admit ☐ Other ☐ Transfer to

**Notified:** ☐ Police: Time _____ By _____

See your private physician in _____ days, if not improved.
Follow-up instructions sheet given.

Private Physician / Consultant

**Valuables & Clothing:** Given to:   Signature:
☐ Relative ☐ Patient ☐ Other

**ER Physician** _____

☐ Dictated No. ____

# Hilo Medical Center
We Care for Our Community

## EMERGENCY SERVICES TREATMENT RECORD

Room #

| Triage Acuity Level: ☐ Non-Urgent ☐ Urgent ☐ Emergency | | | | | Acc. No. 1560306 | | | Med. Rec. No. 285276 | |
|---|---|---|---|---|---|---|---|---|---|

| Name: Family | First | | Middle | | D.O.B. | Age | S.S. # |
|---|---|---|---|---|---|---|---|

Sex: ☐ Male ☐ Female

Marital Status: ☐ S ☐ Sep ☐ M ☐ D ☐ W

Next of Kin: ELLIS, PAULINE

Relationship: Phone No.

Permanent Address: 1911 KALANIANAOLE AVE  HILO  Zip Code 96720  Phone No.

Street Address: 1911 KALANIANAOLE AVE  HILO  Zip Code 96720  Clerk Initials

Occupation: UNEMPLOYED  Employer: UNEMPLOYED  Insurance Type: DHS

ER Physician: Private Physician: ABETIA, CARLOS  Triage Time 1804  Room Time  MD Time  Time Out  Date 9/27/02 20

Condition on Arrival: ☐ A ☐ V ☐ P ☐ U  Brought to Hospital by: ☐ Medic ☐ PMV ☐ Other  Information from: ☐ Self ☐ EMS ☐ Other  Accident: 9/27/02 ONSET

Current Medications:

| Time | B.P. | Pulse | Resp. | SpO₂% | Temp. | Tm / ax / Rect. |
|---|---|---|---|---|---|---|
| 1810 | 120/71 | 68 | 18 | | 98.0 | VA: OD    OS |

Medical History:

LMP:  WT:  Last Tetanus:

Allergies: PCN

Chief Complaint / Evaluation:

To ER ℅ depressed, angry
... self or
someone else. Less job ...
due to medical condition
feels life is out of control,
find here for psy eval
by Dr. ...

+ CP  occ  c TDI

+ ...
job financial stressor, poor sleep,
feels angry ...
unemployed - suic ...
Non ...

MSE A/0 3 ...full mood ...
...

Dx Imp:

| M.D. Orders | Initial & Time |
|---|---|
| CBC  Chem 8 | |
| LFT's  Any Urine | |
| UA ... | |

Disposition: ☐ Home ☐ Admit ☐ Other ☐ Transfer to
Notified: ☐ Police: Time ___ By ___
Valuables & Clothing: Given to: ___  Signature: ___
☐ Relative ☐ Patient ☐ Other

☐ See your private physician in ___ days, if not improved.
☐ Follow-up instructions sheet given.

Legal Tabs Co. 1-800-322-3022                                                                        Recycled ♲ Stock #WEX-5-B

# ≝neutral, llc

Committed to the strategic management of litigation.
12424 Wilshire Blvd., 9th Floor  Los Angeles, CA  90025

310-696-0288
Litneutral.com

4/16/2007

Mr. Darrell Wheeler & Ms. Pauline Ellis
C/O Ms. Pauline Ellis
P. O. Box 1916
Redway, California, 95560

**INSURED: Hilo Medical Center**
**CLAIMANT: Wheeler**
**DATE OF LOSS: 10/28/02**
**CLAIM NO.: 40011225**

Dear Ms. Ellis,

We are in receipt of your letter of February 25, 2007. Darrell Wheeler ("Mr. Wheeler") claimed damages as a result of administration of penicillin during his hospitalization from October 27, 2002 through October 30, 2002 at Hilo Medical Center.

We are the claims administrator for Hilo Medical Center. Please direct all future communication on this matter to us. If you have secured legal counsel in the interim, please forward this letter to Mr. Wheeler's attorney and request his attorney contact us.

Mr. Wheeler was admitted through the Emergency Room at Hilo Medical Center on October 27, 2002 with an admitting diagnosis of closed head trauma, status post assault and respiratory failure.

He was treated for these injuries and transferred to Queens Medical Center on October 30, 2002 with a diagnosis of pneumonmediastinum, aspiration pneumonia and concussion with brainstem contusion.

The administration of the antibiotic mediation did not result in any anaphylactic reaction.

In addition, please be advised that the physician who ordered the medication was an independent contractor and not employed by Hilo Medical Center.

Finally, if you have not consulted an attorney with respect to Mr. Wheeler's claims, and in particular, the applicable statute of limitations, we suggest you do so.  Mr. Wheeler's claims may be time barred by the statute of limitations.

Further, by sending you this letter, we do not waive any defenses that may be available to Hilo Medical Center, including the lack of jurisdiction in the event Mr. Wheeler fails to file a claim with the Medical Claims Conciliation Panel before he files any lawsuit.


At this time we respectfully deny the claim for damages as set forth in your letter of February 25, 2007. If you have additional information you would like us to consider, please direct the information to us at your convenience.


Very Truly Yours,

Robert White
Director, Professional Liability Claims
LitNeutral


BCC: Rene McWade

**neutral**, LLC

12424 Wilshire Blvd., 9th Floor | Los Angeles, CA 90025

Darrell Wheeler & Ms. Pauline Ellis
C/O Pauline Ellis
P. O. ox 1916
Redway, California 95560

Recycled Stock #WEX-5-B

**PAULINE ELLIS, REGISTERED NURSE**
**STATE OF CALIFORNIA #554203, HAWAII #46673**
**GUARDIAN OF DARRELL WILLIAM WHEELER**
**P.O. BOX 1916, REDWAY, CA 95560**

| | |
|---|---|
| **United States Federal Court** | **12/31/03 - Page 1** |
| **Northern District, San Francisco, CA** | **Invoice# 03-2003** |
| **Case No. Pending** | **Account# 00000** |

| **DATE** | **LIVING EXPENSES** | **24 HOUR PERSONAL NURSING CARE** |
|---|---|---|
| 03/31/2003 | $3,000.00 (rent-$1200; food-$600;) (utilities-$500; misc.-$700) | 24 HRS x 60.00 x 31 days = 44,640.00 |
| 04/30/2003 | $3,000.00 (rent-$1200; food-$600;) (utilities-$500; misc.-$700) | 24 HRS x 60.00 x 30 days = 43,200.00 |
| 05/31/2003 | $3,000.00 (rent-$1200; food-$600;) (utilities-$500; misc.-$700) | 24 HRS x 60.00 x 31 days = 44,640.00 |
| 06/30/2003 | $3,000.00 (rent-$1200; food-$600) (utilities-$500; misc.-$700) | 24 HRS x 60.00 x 30 days = 43,200.00 |
| 7/31/2003 | $3,000.00 (rent-$1200; food-$600) (utilities-$500; misc.-$700) | 24 HRS x 60.00 x 31 days = 44,640.00 |
| 08/31/2003 | $3,000.00 (rent-$1200; food-$600) (utilities-$500-misc.-$700) | 24 HRS x 60.00 x 31 days = 44,640.00 |
| 09/30/2003 | $3,000.00 (rent-$1200; food-$600) (utilities-$500; misc.-$700) | 24 HRS x 60.00 x 30 days = 43,200.00 |

**PAULINE ELLIS, REGISTERED NURSE**
**STATE OF CALIFORNIA #554203, HAWAII #46673**
**GUARDIAN OF DARRELL WILLIAM WHEELER**
**P.O. BOX 1916, REDWAY, CA 95560**

**United States Federal Court**       **12/31/03 - Page 2**
**Northern District, San Francisco, CA**    **Invoice# 03-2003**
**Case No. Pending**                    **Account# 00000**

| DATE | LIVING EXPENSES | 24 HOUR PERSONAL NURSING CARE |
|------|-----------------|-------------------------------|
| 10/31/2003 | $3,000.00 (rent-$1200; food-$600) (utilities-$500; misc.-$700) | 24 HRS x 60.00 x 31 days = 44,640.00 |
| 11/30/2003 | $3,000.00 (rent-$1200; food-$600) (utilities-$500; misc.-$700) | 24 HRS x 60.00 x 30 days = 43,200.00 |
| 12/31/2003 | $3,000.00 (rent-$1200; food-$600) (utilities-$500; misc.-$700) | 24 HRS x 60.00 x 30 days = 44,640.00 |

**One on One 24 hr personal nursing care for Darrell William Wheeler: $440,640.00**

**2003 Cost of Living Expenses:**        **$ 30,000.00**

**Balance Due 2003:**              **$470,640.00**

**Important: Please write your account number on payment. Thank you.**

*Pauline Ellis*

**PAULINE ELLIS, REGISTERED NURSE**
**STATE OF CALIFORNIA #554203, HAWAII #46673**
**GUARDIAN OF DARRELL WILLIAM WHEELER**
**P.O. BOX 1916, REDWAY, CA 95560**

United States Federal Court                    12/31/04 - Page 1
Northern District, San Francisco, CA           Invoice# 01-2004
Case No. Pending                               Account# 00000

| DATE | LIVING EXPENSES | 24 HOUR PERSONAL NURSING CARE |
|------|-----------------|-------------------------------|
| 01/31/2004 | $3,000.00<br>(rent-$1200; food-$600)<br>(utilities-$500; misc.-$700) | 24 HRS x 60.00 x 31 days = 44,640.00 |
| 02/29/2004 | $3,000.00<br>(rent-$1200; food-$600)<br>(utilities-$500; misc.-$700) | 24 HRS x 60.00 x 29 days = 41,760.00 |
| 03/31/2004 | $3,000.00<br>(rent-$1200; food-$600;)<br>(utilities-$500; misc.-$700) | 24 HRS x 60.00 x 31 days = 44,640.00 |
| 04/30/2004 | $3,000.00<br>(rent-$1200; food-$600;)<br>(utilities-$500; misc.-$700) | 24 HRS x 60.00 x 30 days = 43,200.00 |
| 05/31/2004 | $3,000.00<br>(rent-$1200; food-$600;)<br>(utilities-$500; misc.-$700) | 24 HRS x 60.00 x 31 days = 44,640.00 |
| 06/30/2004 | $3,000.00<br>(rent-$1200; food-$600)<br>(utilities-$500; misc.-$700) | 24 HRS x 60.00 x 30 days = 43,200.00 |
| 7/31/2004 | $3,000.00<br>(rent-$1200; food-$600)<br>(utilities-$500; misc.-$700) | 24 HRS x 60.00 x 31 days = 44,640.00 |

**PAULINE ELLIS, REGISTERED NURSE**
**STATE OF CALIFORNIA #554203, HAWAII #46673**
**GUARDIAN OF DARRELL WILLIAM WHEELER**
**P.O. BOX 1916, REDWAY, CA 95560**

United States Federal Court         12/31/04 - Page 2
Northern District, San Francisco, CA     Invoice# 01-2004
Case No. Pending                  Account# 00000

| DATE | LIVING EXPENSES | 24 HOUR PERSONAL NURSING CARE |
|------|------------------|-------------------------------|
| 08/31/2004 | $3,000.00 (rent-$1200; food-$600) (utilities-$500-misc.-$700) | 24 HRS x 60.00 x 31 days = 44,640.00 |
| 09/30/2004 | $3,000.00 (rent-$1200; food-$600) (utilities-$500; misc.-$700) | 24 HRS x 60.00 x 30 days = 43,200.00 |
| 10/31/2004 | $3,000.00 (rent-$1200; food-$600) (utilities-$500; misc.-$700) | 24 HRS x 60.00 x 31 days = 44,640.00 |
| 11/30/2004 | $3,000.00 (rent-$1200; food-$600) (utilities-$500; misc.-$700) | 24 HRS x 60.00 x 30 days = 43,200.00 |
| 12/31/2004 | $3,000.00 (rent-$1200; food-$600) (utilities-$500; misc.-$700) | 24 HRS x 60.00 x 30 days = 44,640.00 |

**One on One 24 hr personal nursing care for Darrell William Wheeler: $527,040.00**

**2004 Cost of Living Expenses:**                 **$ 36,000.00**

**Balance Due 2004:**                           **$563,040.00**

**Important: Please write your account number on payment. Thank you.**

*Pauline Ellis*

**PAULINE ELLIS, REGISTERED NURSE**
**STATE OF CALIFORNIA #554203, HAWAII #46673**
**GUARDIAN OF DARRELL WILLIAM WHEELER**
**P.O. BOX 1916, REDWAY, CA 95560**

| | |
|---|---|
| **United States Federal Court** | **12/31/05 - Page 1** |
| **Northern District, San Francisco, CA** | **Invoice# 01-2005** |
| **Case No. Pending** | **Account# 00000** |

| <u>DATE</u> | <u>LIVING EXPENSES</u> | <u>24 HOUR PERSONAL NURSING CARE</u> |
|---|---|---|
| 01/31/2005 | $3,000.00<br>(rent-$1200; food-$600)<br>(utilities-$500; misc.-$700) | 24 HRS x 60.00 x 31 days = 44,640.00 |
| 02/28/2005 | $3,000.00<br>(rent-$1200; food-$600)<br>(utilities-$500; misc.-$700) | 24 HRS x 60.00 x 28 days = 40,320.00 |
| 03/31/2005 | $3,000.00<br>(rent-$1200; food-$600;)<br>(utilities-$500; misc.-$700) | 24 HRS x 60.00 x 31 days = 44,640.00 |
| 04/30/2005 | $3,000.00<br>(rent-$1200; food-$600;)<br>(utilities-$500; misc.-$700) | 24 HRS x 60.00 x 30 days = 43,200.00 |
| 05/31/2005 | $3,000.00<br>(rent-$1200; food-$600;)<br>(utilities-$500; misc.-$700) | 24 HRS x 60.00 x 31 days = 44,640.00 |
| 06/30/2005 | $3,000.00<br>(rent-$1200; food-$600)<br>(utilities-$500; misc.-$700) | 24 HRS x 60.00 x 30 days = 43,200.00 |
| 7/31/2005 | $3,000.00<br>(rent-$1200; food-$600)<br>(utilities-$500; misc.-$700) | 24 HRS x 60.00 x 31 days = 44,640.00 |

**PAULINE ELLIS, REGISTERED NURSE**
**STATE OF CALIFORNIA #554203, HAWAII #46673**
**GUARDIAN OF DARRELL WILLIAM WHEELER**
**P.O. BOX 1916, REDWAY, CA 95560**

United States Federal Court                  **12/31/05 - Page 2**
Northern District, San Francisco, CA        **Invoice# 01-2005**
Case No. Pending                            **Account# 00000**

| DATE | LIVING EXPENSES | 24 HOUR PERSONAL NURSING CARE |
|------|-----------------|-------------------------------|
| 08/31/2005 | $3,000.00 (rent-$1200; food-$600) (utilities-$500-misc.-$700) | 24 HRS x 60.00 x 31 days = 44,640.00 |
| 09/30/2005 | $3,000.00 (rent-$1200; food-$600) (utilities-$500; misc.-$700) | 24 HRS x 60.00 x 30 days = 43,200.00 |
| 10/31/2005 | $3,000.00 (rent-$1200; food-$600) (utilities-$500; misc.-$700) | 24 HRS x 60.00 x 31 days = 44,640.00 |
| 11/30/2005 | $3,000.00 (rent-$1200; food-$600) (utilities-$500; misc.-$700) | 24 HRS x 60.00 x 30 days = 43,200.00 |
| 12/31/2005 | $3,000.00 (rent-$1200; food-$600) (utilities-$500; misc.-$700) | 24 HRS x 60.00 x 30 days = 44,640.00 |

**One on One 24 hr personal nursing care for Darrell William Wheeler: $525,600.00**

**2005 Cost of Living Expenses:**              **$ 36,000.00**

**Balance Due 2005:**                         **$561,600.00**

**Important: Please write your account number on payment. Thank you.**

*Pauline Ellis*

**PAULINE ELLIS, REGISTERED NURSE**
**STATE OF CALIFORNIA #554203, HAWAII #46673**
**GUARDIAN OF DARRELL WILLIAM WHEELER**
**P.O. BOX 1916, REDWAY, CA 95560**

| | |
|---|---|
| **United States Federal Court** | **12/31/06 - Page 1** |
| **Northern District, San Francisco, CA** | **Invoice# 01-2006** |
| **Case No. Pending** | **Account# 00000** |

| <u>DATE</u> | <u>LIVING EXPENSES</u> | <u>24 HOUR PERSONAL NURSING CARE</u> |
|---|---|---|
| 01/31/2006 | $3,300.00<br>(rent-$1200; food-$700)<br>(utilities-$600; misc.-$800) | 24 HRS x 60.00 x 31 days = 44,640.00 |
| 02/28/2006 | $3,300.00<br>(rent-$1200; food-$700)<br>(utilities-$600; misc.-$800) | 24 HRS x 60.00 x 28 days = 40,320.00 |
| 03/31/2006 | $3,300.00<br>(rent-$1200; food-$700;)<br>(utilities-$600; misc.-$800) | 24 HRS x 60.00 x 31 days = 44,640.00 |
| 04/30/2006 | $3,300.00<br>(rent-$1200; food-$700;)<br>(utilities-$600; misc.-$800) | 24 HRS x 60.00 x 30 days = 43,200.00 |
| 05/31/2006 | $3,300.00<br>(rent-$1200; food-$700;)<br>(utilities-$600; misc.-$800) | 24 HRS x 60.00 x 31 days = 44,640.00 |
| 06/30/2006 | $3,300.00<br>(rent-$1200; food-$700)<br>(utilities-$600; misc.-$800) | 24 HRS x 60.00 x 30 days = 43,200.00 |
| 7/31/2006 | $3,300.00<br>(rent-$1200; food-$700)<br>(utilities-$600; misc.-$800) | 24 HRS x 60.00 x 31 days = 44,640.00 |

**PAULINE ELLIS, REGISTERED NURSE**
**STATE OF CALIFORNIA #554203, HAWAII #46673**
**GUARDIAN OF DARRELL WILLIAM WHEELER**
**P.O. BOX 1916, REDWAY, CA 95560**

| | |
|---|---|
| **United States Federal Court** | **12/31/06 - Page 2** |
| **Northern District, San Francisco, CA** | **Invoice# 01-2006** |
| **Case No. Pending** | **Account# 00000** |

| **DATE** | **LIVING EXPENSES** | **24 HOUR PERSONAL NURSING CARE** |
|---|---|---|
| 08/31/2006 | $3,300.00 (rent-$1200; food-$700) (utilities-$600-misc.-$800) | 24 HRS x 60.00 x 31 days = 44,640.00 |
| 09/30/2006 | $3,300.00 (rent-$1200; food-$700) (utilities-$600; misc.-$800) | 24 HRS x 60.00 x 30 days = 43,200.00 |
| 10/31/2006 | $3,300.00 (rent-$1200; food-$700) (utilities-$600; misc.-$800) | 24 HRS x 60.00 x 31 days = 44,640.00 |
| 11/30/2006 | $3,300.00 (rent-$1200; food-$700) (utilities-$600; misc.-$800) | 24 HRS x 60.00 x 30 days = 43,200.00 |
| 12/31/2006 | $3,300.00 (rent-$1200; food-$700) (utilities-$600; misc.-$800) | 24 HRS x 60.00 x 30 days = 44,640.00 |

**One on One 24 hr personal nursing care for Darrell William Wheeler: $525,600.00**

**2006 Cost of Living Expenses:**                       **$ 39,600.00**

**Balance Due 2006:**                       **$565,200.00**

**Important: Please write your account number on payment. Thank you.**

*Pauline Ellis*

**PAULINE ELLIS, REGISTERED NURSE**
**STATE OF CALIFORNIA #554203, HAWAII #46673**
**GUARDIAN OF DARRELL WILLIAM WHEELER**
**P.O. BOX 1916, REDWAY, CA 95560**

United States Federal Court                          12/31/07 - Page 1
Northern District, San Francisco, CA                 Invoice# 01-2007
Case No. Pending                                     Account# 00000

| DATE | LIVING EXPENSES | 24 HOUR PERSONAL NURSING CARE |
|------|-----------------|-------------------------------|
| 01/31/2007 | $3,300.00 (rent-$1200; food-$700) (utilities-$600; misc.-$800) | 24 HRS x 60.00 x 31 days = 44,640.00 |
| 02/28/2007 | $3,300.00 (rent-$1200; food-$700) (utilities-$600; misc.-$800) | 24 HRS x 60.00 x 28 days = 40,320.00 |
| 03/31/2007 | $3,300.00 (rent-$1200; food-$700;) (utilities-$600; misc.-$800) | 24 HRS x 60.00 x 31 days = 44,640.00 |
| 04/30/2007 | $3,300.00 (rent-$1200; food-$700;) (utilities-$600; misc.-$800) | 24 HRS x 60.00 x 30 days = 43,200.00 |
| 05/31/2007 | $3,300.00 (rent-$1200; food-$700;) (utilities-$600; misc.-$800) | 24 HRS x 60.00 x 31 days = 44,640.00 |
| 06/30/2007 | $3,300.00 (rent-$1200; food-$700) (utilities-$600; misc.-$800) | 24 HRS x 60.00 x 30 days = 43,200.00 |
| 7/31/2007 | $3,300.00 (rent-$1200; food-$700) (utilities-$600; misc.-$800) | 24 HRS x 60.00 x 31 days = 44,640.00 |

**PAULINE ELLIS, REGISTERED NURSE**
**STATE OF CALIFORNIA #554203, HAWAII #46673**
**GUARDIAN OF DARRELL WILLIAM WHEELER**
**P.O. BOX 1916, REDWAY, CA 95560**

United States Federal Court                           12/31/07 - Page 2
Northern District, San Francisco, CA                  Invoice# 01-2007
Case No. Pending                                      Account# 00000

| DATE | LIVING EXPENSES | 24 HOUR PERSONAL NURSING CARE |
|------|-----------------|-------------------------------|
| 08/31/2007 | $3,300.00 (rent-$1200; food-$700) (utilities-$600-misc.-$800) | 24 HRS x 60.00 x 31 days = 44,640.00 |
| 09/30/2007 | $3,300.00 (rent-$1200; food-$700) (utilities-$600; misc.-$800) | 24 HRS x 60.00 x 30 days = 43,200.00 |
| 10/31/2007 | $3,300.00 (rent-$1200; food-$700) (utilities-$600; misc.$800) | 24 HRS x 60.00 x 31 days = 44,640.00 |
| 11/30/2007 | $3,300.00 (rent-$1200; food-$700) (utilities-$600; misc.-$800) | 24 HRS x 60.00 x 30 days = 43,200.00 |
| 12/31/2007 | $3,300.00 (rent-$1200; food-$700) (utilities-$600; misc.-$800) | 24 HRS x 60.00 x 30 days = 44,640.00 |

**One on One 24 hr personal nursing care for Darrell William Wheeler: $525,600.00**

**2007 Cost of Living Expenses:**                     **$ 39,600.00**

**Balance Due 2007:**                                 **$565,200.00**

**Important: Please write your account number on payment. Thank you.**

*Pauline Ellis*

**PAULINE ELLIS, REGISTERED NURSE**
**STATE OF CALIFORNIA #554203, HAWAII #46673**
**GUARDIAN OF DARRELL WILLIAM WHEELER**
**P.O. BOX 1916, REDWAY, CA 95560**

United States Federal Court          12/31/08 - Page 1
Northern District, San Francisco, CA          Invoice# 01-2008
Case No. Pending          Account# 00000

| DATE | LIVING EXPENSES | 24 HOUR PERSONAL NURSING CARE |
|---|---|---|
| 01/31/2008 | $3,300.00<br>(rent-$1200; food-$700)<br>(utilities-$600; misc.-$800) | 24 HRS x 60.00 x 31 days = 44,640.00 |
| 02/29/2008 | $3,300.00<br>(rent-$1200; food-$700)<br>(utilities-$600; misc.-$800) | 24 HRS x 60.00 x 29 days = 41,760.00 |
| 03/31/2008 | $3,300.00<br>(rent-$1200; food-$700;)<br>(utilities-$600; misc.-$800) | 24 HRS x 60.00 x 31 days = 44,640.00 |
| 04/30/2008 | $3,300.00<br>(rent-$1200; food-$700;)<br>(utilities-$600; misc.-$800) | 24 HRS x 60.00 x 30 days = 43,200.00 |
| 05/31/2008 | $3,300.00<br>(rent-$1200; food-$700;)<br>(utilities-$600; misc.-$800) | 24 HRS x 60.00 x 31 days = 44,640.00 |
| 06/30/2008 | $3,300.00<br>(rent-$1200; food-$700)<br>(utilities-$600; misc.-$800) | 24 HRS x 60.00 x 30 days = 43,200.00 |
| 7/31/2008 | $3,300.00<br>(rent-$1200; food-$700)<br>(utilities-$600; misc.-$800) | 24 HRS x 60.00 x 31 days = 44,640.00 |

**PAULINE ELLIS, REGISTERED NURSE
STATE OF CALIFORNIA #554203, HAWAII #46673
GUARDIAN OF DARRELL WILLIAM WHEELER
P.O. BOX 1916, REDWAY, CA 95560**

| | |
|---|---|
| **United States Federal Court** | **12/31/08 - Page 2** |
| **Northern District, San Francisco, CA** | **Invoice# 01-2008** |
| **Case No. Pending** | **Account# 00000** |

| **DATE** | **LIVING EXPENSES** | **24 HOUR PERSONAL NURSING CARE** |
|---|---|---|
| 08/31/2008 | $3,300.00 (rent-$1200; food-$700) (utilities-$600-misc.-$800) | 24 HRS x 60.00 x 31 days = 44,640.00 |
| 09/30/2008 | $3,300.00 (rent-$1200; food-$700) (utilities-$600; misc.-$800) | 24 HRS x 60.00 x 30 days = 43,200.00 |
| 10/31/2008 | $3,300.00 (rent-$1200; food-$700) (utilities-$600; misc.-$800) | 24 HRS x 60.00 x 31 days = 44,640.00 |
| 11/30/2008 | $3,300.00 (rent-$1200; food-$700) (utilities-$600; misc.-$800) | 24 HRS x 60.00 x 30 days = 43,200.00 |
| 12/31/2008 | $3,300.00 (rent-$1200; food-$700) (utilities-$600; misc.-$800) | 24 HRS x 60.00 x 30 days = 44,640.00 |

**One on One 24 hr personal nursing care for Darrell William Wheeler: $527,040.00**

**2008 Cost of Living Expenses:**                    **$ 39,600.00**

**Balance Due 2008:**                              **$566,640.00**

**Important: Please write your account number on payment. Thank you.**

*Pauline Ellis*

**PAULINE ELLIS, REGISTERED NURSE**
**STATE OF CALIFORNIA #554203, HAWAII #46673**
**GUARDIAN OF DARRELL WILLIAM WHEELER**
**P.O. BOX 1916,  REDWAY, CA 95560**

United States Federal Court          03/31/2009- Page 1
Northern District, San Francisco, CA          Invoice# 01-2009
Case No. Pending          Account# 00000

| DATE | LIVING EXPENSES | 24 HOUR PERSONAL NURSING CARE |
|------|-----------------|-------------------------------|
| 01/31/2009 | $3,300.00 (rent-$1200; food-$700) (utilities-$600; misc.-$800) | 24 HRS x 60.00 x 31 days = 44,640.00 |
| 02/28/2009 | $3,300.00 (rent-$1200; food-$700) (utilities-$600; misc.-$800) | 24 HRS x 60.00 x 28 days = 40,320.00 |
| 03/31/2009 | $3,300.00 (rent-$1200; food-$700;) (utilities-$600; misc.-$800) | 24 HRS x 60.00 x 31 days = 44,640.00 |

**One on One 24 hr personal nursing care for Darrell William Wheeler: $129,600.00**

**2009 Cost of Living Expenses:**          **$  9,900.00**

**Balance Due 2009:**          **$140,940.00**

**Important:  Please write your account number on payment.  Thank you.**

Recycled Stock #WEX-5-B

| STATE OF HAWAII<br>CIRCUIT COURT OF THE THIRD<br>CIRCUIT | JUDGMENT<br>GUILTY CONVICTION AND SENTENCE | CASE NUMBER:<br>Cr. No. 02-1-0407 | |
|---|---|---|---|
| | NOTICE OF ENTRY | | |

| STATE VS. (DEFENDANT)<br>**LEVY STANFORD CABANTING**<br><br>Social Security Number: 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<br>SID: A-5013945<br>DOB: 8-30-1977 | DATE OF HEARING:<br>November 4, 2004 | REPORT NUMBER(S):<br>H-25791/SH |
|---|---|---|

Defense Counsel: Melody Parker

| **DEFENDANT'S PLEA:**<br>   GUILTY | **CHANGE OF PLEA** |
|---|---|
| ORIGINAL CHARGE(S):<br>ASSAULT IN THE FIRST DEGREE<br>(§707-710(1), H.R.S.) | CHARGE(S) TO WHICH DEFENDANT PLED:<br>ASSAULT IN THE FIRST DEGREE<br>(§707-710(1), H.R.S.) |

| DEFENDANT IS CONVICTED AND FOUND GUILTY OF:<br>ASSAULT IN THE FIRST DEGREE<br>(§707-710(1), H.R.S.) | | |
|---|---|---|
| | PHOTOGRAPH<br>(If Available) | FINGERPRINT<br>(If Available) |

**FINAL JUDGMENT AND SENTENCE OF THE COURT:**

MITTIMUS TO ISSUE IMMEDIATELY

**RESTITUTION:** $172,152.00 to ACS Hawaii Medicaid TPL Recovery Unit, jointly and severally with co-defendant, Daniel Vea

**CRIME VICTIM COMPENSATION FEE:** Waived

**INCARCERATION:** TEN (10) YEARS. Sentence shall run consecutive to the sentence imposed in Cr. No. 04-1-208. Defendant shall be given credit for time served of nine (9) months plus any previous credit for time served of approximately four (4) days.

| DATE<br>NOV 0 8 2004<br>nunc pro tunc to<br>November 4, 2004 | JUDGE<br>GLENN S. HARA<br><br>SIGNATURE<br><br>NOTICE OF ENTRY | |
|---|---|---|
| THIS JUDGMENT HAS BEEN ENTERED AND COPIES MAILED OR DELIVERED TO ALL PARTIES. | | |
| DATE<br>NOV 0 8 2004 | CLERK<br>J. KAWAKAMI | |

[ ] ORIGINAL FILE [x] DPA [x] DEFENSE-Melody Parker [x] PROBATION [x] POLICE [ ] HCJDC [x] PUBLIC SAFETY [x] HPA [x] COUNTY CLERKS