UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL W. WHEELER, et al. | |
| Plaintiff(s), | No. C 09-1826 BZ |
| v. | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND GRANTING IFP APPLICATION** |
| HILO MEDICAL CENTER, et al., | |
| Defendant(s). | |

The docket in this case reflects that the complaint was filed by Darrell W. Wheeler ("Wheeler") and Pauline Ellis ("Ellis") (collectively "plaintiffs"). While Wheeler has applied to proceed with his complaint *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), no such application was made by Ellis. If Ellis wishes to proceed with her complaint, she shall either file an *in forma paperis* application by **June 10, 2009** or pay the filing fee.

Under section 1915(e)(2), a court must dismiss a complaint filed *in forma pauperis* which, liberally construed, fails to state a claim on which relief may be granted.  *See* 28

1

1  U.S.C. 1915(e)(2)(B); Marks v. Slocum, 98 F.3d 494, 495 (9th
2  Cir. 1996) (*per curiam*); Franklin v. Murphy, 745 F.2d 1221,
3  1226-27 n.5 (9th Cir. 1984).  Courts must liberally construe a
4  *pro se* litigant's complaint, particularly where civil rights
5  claims are involved.  *See* Balistreri v. Pacifica Police Dep't,
6  901 F.2d 696, 699 (9th Cir. 1990).  Courts must also give a
7  *pro se* litigant's complaint the benefit of any doubts.
8  Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623
9  (9th Cir. 1988).  Having reviewed the complaint, I find that
10 it fails to state any grounds for this court's jurisdiction.
11      A court must have "personal jurisdiction" over a
12 defendant before it can judge a plaintiff's complaint.  *See*
13 Burnham v. Super. Ct., 495 U.S. 604, 608-609 (1990).  Personal
14 jurisdiction means that a defendant has sufficient connections
15 with California so that it is fair to make the defendant
16 defend itself in a California court.  *See* Keeton v. Hustler
17 Magazine, Inc., 465 U.S. 770, 775 (1984).  If a defendant is
18 neither present nor resides in California, the defendant must
19 have "certain minimum contacts [with California] such that the
20 maintenance of the suit does not offend traditional notions of
21 fair play and substantial justice."  Int'l Shoe Co. v.
22 Washington, 326 U.S. 310, 316 (1945).
23      Plaintiffs have not alleged any facts demonstrating that
24 this Court has personal jurisdiction over any of the
25 defendants in the complaint with the exception of LitNeutral,
26 LLC, which plaintiffs allege is located in California.  For
27 this case to continue, plaintiffs must allege facts
28 demonstrating defendants' connections with California in one

of two ways.  First, plaintiffs may allege facts demonstrating that each defendant's relationship with California is significant enough to reasonably require that defendant to defend itself in this Court.  <u>Int'l Shoe Co.</u>, 326 U.S. at 317.  Second, plaintiffs may allege facts demonstrating that the defendant "purposefully availed" itself of the privileges of conducting activities in California by showing that the defendant engaged in conduct aimed at and having an effect in California.  <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 692 (9th Cir. 2001).  In other words, plaintiffs must allege facts showing that the defendant's intentional actions had some effect in California so that the defendant, a non-resident, is not required to defend in California an action that had a minimal (or possibly no) effect in the state.  <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 476 (1985).  As plaintiffs have not alleged sufficient facts demonstrating that this Court has personal jurisdiction over the non-resident defendants, their claim cannot proceed as to those defendants.  *See* <u>Sanders v. United States</u>, 760 F.2d 869, 871 (8th Cir. 1985) (dismissing plaintiff's *pro se* claim under section 1915 for failing to allege facts that would support the exercise of personal jurisdiction over defendants).

    Because I find that plaintiffs' complaint fails to state an adequate basis for jurisdiction, **IT IS HEREBY ORDERED** as follows:

    1. Plaintiffs' complaint is **DISMISSED** as to all defendants except LitNeutral, LLC with leave to amend.  If plaintiffs desire to proceed with this lawsuit as to the

3

remaining defendants, they must file an amended complaint by **June 19, 2009** that demonstrates that they are legally entitled to relief in federal court.  The amended complaint should be a short, legible statement in plain English that explains why plaintiffs think this court has jurisdiction over this action.  In amending their complaint, plaintiffs may wish to consult a manual the Court has adopted to assist *pro se* litigants in presenting their case.  This manual is available in the Clerk's Office and online at www.cand.uscourts.gov.  If plaintiffs do not amend or otherwise comply with this Order by **June 19, 2009**, this case may be dismissed as to the non-resident defendants.

 2. By no later than **June 19, 2009**, plaintiffs shall consent to or decline to magistrate judge jurisdiction available online at: www.cand.uscourts.gov.

 3. Wheeler's application to proceed *in forma pauperis* is **GRANTED**.  The marshal shall not serve the complaint, except as to defendant LitNeutral, LLC pending further order of the Court.

Dated:  May 22, 2009

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\WHEELER\IFP.wpd

4