1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

11

DARRELL W. WHEELER, et al.  )

12                              )
            Plaintiff(s),     )      No. C 09-1826 BZ

13                              )
     v.                        )      **ORDER GRANTING DEFENDANTS'**

14                              )      **MOTIONS TO DISMISS**
HILO MEDICAL CENTER, et al.,)

15                              )
                              )

16         Defendant(s).      )
   _____ )

17

          Defendants Hilo Medical Center ("Hilo"), Robert White

18
"White"), Litneutral, LLC ("Litneutral"), and The Queen's

19
Medical Center ("QMC") (collectively "defendants") move to

20
dismiss plaintiff Darrell Wheeler's and plaintiff Pauline

21
Ellis's ("plaintiffs") first amended complaint pursuant to

22
Fed. R. Civ. Proc. 12(b)(1), 12(b)(2), 12(b)(3), and

23
12(b)(6).[1]  Alternatively, defendants seek a transfer of venue

24

25
_____

26      [1]   On September 10, plaintiffs dismissed defendants
LitNeutral, LLC and Robert White.  The Court interprets this
filing as a request for dismissal pursuant to Fed. R. Civ.
27 Proc. Rule 41(a)(2) and **GRANTS** plaintiffs' request.  The
motions filed by LitNeutral and White are therefore **MOOT** and
28 will not be discussed in this order.

1

1  pursuant to 28 U.S.C. § 1404(a).[2]

2       Defendants Hilo and QMC move to dismiss plaintiffs'

3  complaint for lack of personal jurisdiction.  To demonstrate

4  that the Northern District of California has personal

5  jurisdiction over Hilo and QMC, plaintiffs need only make a

6  *prima facie* showing.  *See* Caruth v. International

7  Psychoanalytical Ass'n, 59 F.3d 126, 128 (9th Cir. 1995)

8  (stating that, when there has been no evidentiary hearing, "we

9  only inquire into whether [the plaintiff's] pleadings and

10 affidavits make a *prima facie* showing of personal

11 jurisdiction"); *see also* Pebble Beach Co. v. Caddy, 453 F.3d,

12 1151, 1154 (9th Cir. 2006).[3]

13      Plaintiffs' complaint alleges that plaintiff Wheeler

14 "received his injuries on [the island of] . . . Hawaii" and

15 that he was thereafter flown from the island of Hawaii to

16 Oahu, where he was "assaulted" by "federal doctors."  (P.'s

17 First Amend. Compl. 3:5-11.)  Plaintiffs' complaint further

18 alleges that defendant Hilo is a "public entity duly organized

19 under the laws of the state of Hawaii and located in the city

20 of Hilo", and that defendant QMC is also a "public entity duly

21 organized under the laws of the state of Hawaii and located in

22

23      [2]   Plaintiffs and defendants who have been served have
   consented to my jurisdiction, including entry of final
   judgment, pursuant to 28 U.S.C. § 636(c) for all proceedings.
24

25      [3]   Additionally, "uncontroverted allegations in
   [plaintiffs'] complaint must be taken as true, and conflicts
   between the facts contained in the parties' affidavits must be
26 resolved in [plaintiffs'] favor."  Rio Props., Inc. v. Rio
   Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002); *see also*
27 Pebble Beach, 453 F.3d at 1154 ("[F]or the purpose of this
   [prima facie] demonstration, the court resolves all disputed
28 facts in favor of the plaintiff.").

1   Oahu." (P's Comp. 4:12-15, 6:5-9.)  Plaintiffs' pleadings

2   contain no other allegations concerning Hilo's or QMC's

3   connections with California, nor do plaintiffs aver that any

4   of these defendants are residents of California.

5       Due process requires that a nonresident defendant have

6   certain minimum contacts with the forum state so that the

7   exercise of jurisdiction does not offend traditional notions

8   of fair play and substantial justice.  Int'l Shoe Co. v.

9   Wash., 326 U.S. 310, 316 (1945).  In order to maintain their

10  claims against Hilo and QMC in this district, plaintiffs must

11  make a *prima facie* showing that these defendants are subject

12  to either specific or general jurisdiction.  *See* Burger King

13  v. Rudzewicz, 471 U.S. 462, 475-76 (1985).

14      "If the defendant's activities in the forum are

15  substantial, continuous and systematic, general jurisdiction

16  is available."  Doe v. Unocal Corp., 248 F.3d 915, 923 (9th

17  Cir. 2001).  "General jurisdiction refers to jurisdiction to

18  adjudicate claims that do not arise from the defendant's

19  contacts with the forum state."  16-108 Moore's Fed. Prac.

20  Civ. § 108.40.  Thus, if a defendant is subject to general

21  jurisdiction in a state, the state may exercise jurisdiction

22  over the defendant based on any claim, including claims

23  unrelated to the defendant's contacts with the state.  Id.;

24  *see also* Synopsys, Inc. v. Ricoh Co., Ltd., 343 F. Supp. 2d

25  883, 886 (N.D. Cal. 2003).  The test for general jurisdiction

26  was recently summarized by the Ninth Circuit:

27          For general jurisdiction to exist over a nonresident
            defendant . . ., the defendant must engage in "continuous
28          and systematic general business contacts" that

3

1    "approximate physical presence" in the forum state. This
     is an exacting standard, as it should be, because a
2    finding of general jurisdiction permits a defendant to be
     haled into court in the forum state to answer for any of
3    its activities anywhere in the world.

4   Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801

5   (9th Cir. 2004); *see also* International Shoe Co. v.

6   Washington, 326 U.S. 310, 318 (1945).

7        The Ninth Circuit has stated that, when a court takes on

8   the issue of general jurisdiction, "[f]actors to be taken into

9   consideration are whether the defendant makes sales, solicits

10  or engages in business in the state, serves the state's

11  markets, designates an agent for service of process, holds a

12  license, or is incorporated there."  Bancroft & Masters, Inc.

13  v. Augusta Nat'l, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000).

14       Plaintiffs offered no evidence and failed to plead facts

15  demonstrating that Hilo or QMC make sales, solicit or engage

16  in business, or otherwise serve the markets in the Northern

17  District of California.  There are also no allegations that

18  these defendants engage in "continuous and systematic general

19  business contacts" in this district.  The Court therefore

20  finds that plaintiffs have not made a *prima facie* showing of

21  general jurisdiction.

22       Because there is no general jurisdiction over Hilo or

23  QMC, the Court turns to the issue of specific jurisdiction.

24  The Ninth Circuit employs a three-prong test to determine

25  whether a party has sufficient minimum contacts to be

26  susceptible to specific personal jurisdiction: (1) the

27  nonresident defendant must purposefully direct his activities

28  or consummate some transaction with the forum or resident

4

1   thereof; or perform some act by which he purposefully avails

2   himself of the privilege of conducting activities in the

3   forum, thereby invoking the benefits and protections of its

4   laws; (2) the claim must be one which arises out of or relates

5   to the defendant's forum-related activities; and (3) the

6   exercise of jurisdiction must comport with fair play and

7   substantial justice, *i.e.* it must be reasonable.

8   Schwarzenegger, 374 F.3d 797, 802 (9th Cir. 2004) (quoting

9   Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987)).

10       In order to satisfy the first prong of the "minimum

11  contacts" test, plaintiffs must establish either that Hilo and

12  QMC (1) purposefully availed themselves of the privilege of

13  conducting activities in California, or (2) that they

14  purposefully directed their activities toward California.

15       Here, plaintiffs failed to allege facts or submit any

16  evidence to establish that this Court has specific personal

17  jurisdiction over Hilo or QMC under the first prong of the

18  "minimum contacts" test.[4]  Plaintiffs failed to identify any

19  conduct by these two defendants that took place in California

20  that adequately supports the availment concept.[5]  There are

21  also no allegations that these defendants committed

22  intentional acts that were expressly aimed at California, or

23  that caused harm, the brunt of which was suffered (and which

24  _____

25       [4]    "If any of the three requirements is not satisfied,
     jurisdiction in the forum would deprive the defendant of due
     process of law."  Omeluk v. Langsten Slip & Batbyggeri A/S, 52
26  F.3d 267, 270 (9th Cir. 1995).

27       [5]    Evidence of availment is typically action taking
     place in the forum that invokes the benefits and protections of
28  the laws in the forum.  Schwarzenegger, 374 F.3d at 803.

1  the defendant knew was likely to be suffered) in the forum

2  state.  *See* Bancroft, 223 F.3d at 1087; Calder v. Jones, 465

3  U.S. 783 (1983).  As previously noted, plaintiffs complaint

4  avers that the allegedly tortious activities for which

5  plaintiffs seek relief all occurred in Hawaii and were

6  committed by Hawaiian entities.

7       Accordingly, because plaintiffs have not made a *prima*

8  *facie* case showing that the Court has either general or

9  specific personal jurisdiction over defendants Hilo or QMC,

10 plaintiffs' complaint is **DISMISSED** as to these defendants.

11      The Court finds no need for argument and therefore

12 **VACATES** the hearing presently scheduled for September 23,

13 2009.  The Court will shortly issue an order addressing the

14 remaining defendants.

15 Dated:  September 11, 2009

16

17  _____
                    Bernard Zimmerman
18              United States Magistrate Judge

19

G:\BZALL\-BZCASES\WHEELER\ORD ON MOTIONS TO DISMISS.V2.wpd

20

21

22

23

24

25

26

27

28

6