UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARRELL W. WHEELER, et al.    )
                             )
            Plaintiff(s),    )      No. C 09-1826 BZ
                             )
       v.                    )      **ORDER DISMISSING COMPLAINT**
                             )      **AS TO ALL REMAINING**
HILO MEDICAL CENTER, et al.,)       **DEFENDANTS**
                             )
                             )
            Defendant(s).    )
_____)

Plaintiffs' request to file a second amended complaint (*see* Doc. No. 56) is **DENIED**.  Plaintiffs already received a chance to amend their complaint (*see* Doc. No. 6, 9) and plaintiffs' first amended complaint failed to address the concerns outlined by the Court in its Order Dismissing Complaint with Leave to Amend, dated May 13, 2009.  (Doc. No. 6.)  The Court may deny amendment under Rule 15(a) "when amendment would be clearly frivolous, unduly prejudicial, cause undue delay or a finding of bad faith is made."  United Union of Roofers v. Ins. Co. of America, 919 F.2d 1398, 1402 (9th Cir. 1990).  A Court may also deny amendment if that amendment would be futile, or if there have been previous

1

1  unsuccessful attempts to cure deficiencies.  *See* <u>Foman v.</u>

2  <u>Davis</u>, 371 U.S. 178, 182 (1962).  The Court has the discretion

3  to determine whether the presence of any of these elements

4  justifies refusal of a request to amend the complaint; this

5  discretion is particularly broad where plaintiff has

6  previously amended the complaint.  <u>Ascon Properties, Inc. v.</u>

7  <u>Mobil Oil Co.</u>, 866 F.2d 1149, 1160 (9th Cir. 1989).

8       Based on the Court's understanding of the facts of this

9  case, permitting plaintiffs to further amend their complaint

10  would be futile.  Plaintiffs will not be able to cure the

11  deficiencies in their complaint, inasmuch as their first

12  amended complaint is substantively unchanged from

13  the original complaint with respect to all of plaintiffs

14  claims and jurisdictional allegations.  Specifically, it

15  appears that plaintiffs claims may be time-barred, but even if

16  plaintiffs overcame this hurdle, their action could not

17  proceed in this Court since they have not alleged any activity

18  that occurred in California or otherwise suggested any basis

19  for this Court to acquire personal jurisdiction over the

20  remaining defendants.  "Personal jurisdiction" means the Court

21  has power to render a judgment that commands defendants'

22  obedience or that imposes obligations on defendants

23  enforceable by other courts.  *See* <u>Burnham v. Superior Court</u>,

24  495 U.S. 604, 610-11 (1990).  From the allegations in both the

25  original as well as the first amended complaint, defendants

26  resided at all relevant times in Hawaii and all of the alleged

27  activity took place in Hawaii.

28       Because defendants are not present in California, they

1  must have "certain minimum contacts [with California] such

2  that the maintenance of the suit does not offend traditional

3  notions of fair play and substantial justice." Int'l Shoe Co.

4  v. Washington, 326 U.S. 310, 316-17 (1945).  There is nothing

5  to suggest that defendants have the requisite minimum contacts

6  in California.  Plaintiffs have not alleged facts

7  demonstrating that the defendants "purposefully availed"

8  themselves of the privileges of conducting activities in

9  California by showing that they engaged in conduct aimed at or

10  having effect in California.  Lee v. City of Los Angeles, 250

11  F.3d 668, 692 (9th Cir. 2001). When this issue was discussed

12  at the case management conference, plaintiff Ellis suggested

13  that some defendants might consent to jurisdiction in this

14  district.  None have.

15       Plaintiff Ellis faces another hurdle in that she has

16  failed to timely serve defendants pursuant to Rule 4(m) of the

17  Federal Rules of Civil Procedure.  Given Ms. Ellis's failure

18  to serve, and given that neither Ms. Ellis nor Mr. Wheeler

19  have alleged facts demonstrating that any of the defendants

20  have sufficient contacts with California to require them to

21  defend themselves in this court, the Court finds that further

22  pursuance of this action would be futile.  Accordingly, this

23  action is **DISMISSED** as to all remaining defendants.

24  Dated: October 6, 2009

25                         Bernard Zimmerman
                      United States Magistrate Judge

26

27  G:\BZALL\-BZCASES\WHEELER\ORDER DISMISSING REMAINING DEFENDANTS.wpd

28

3